[L. A. No. 3173. In Bank.—February 14, 1914.]

## JOHN GRIFFIN JOHNSTON, Appellant, v. R. F. BAKER et al., Respondents.

ACTION TO QUIET TITLE—DISMISSAL BECAUSE DEFENDANT HAS NO INTEREST IN PROPERTY.—The fact that a defendant in a suit to quiet title claims no interest in the property is not sufficient ground for a dismissal of the action as to him, if, instead of filing a disclaimer, he answers, denying the plaintiff's ownership and right to the possession of the property.

ID.—DISMISSAL AS TO CITY—INSUFFICIENCY OF GROUNDS.—In such action the fact that one of the defendants, a city, has instituted an action against others involving a portion of the land claimed by the plaintiff, or that a part of it is used as a public street, all as shown by the defendant's affidavit, is not a ground for dismissal as to the city.

ID.—DISMISSAL OF ACTION FOR DELAY IN PROSECUTION—POWER OF COURT AFTER ANSWER FILED.—Prior to the enactment of section 583 of the Code of Civil Procedure, the courts were vested with discretionary power to dismiss an action at any time for unreasonable delay in its prosecution, notwithstanding an answer had been filed. But the effect of such section is to change this rule and restrict the exercise of the power of dismissal, where answer is filed, to two years after the date of such filing. The declaration that the court has power in its discretion to dismiss an action upon the conditions prescribed implies the negative of the power to dismiss unless such conditions exist.

ID.—IMPLIED REPEAL OF STATUTES—SECTIONS 582 AND 583 OF THE CODE OF CIVIL PROCEDURE.—The amendment of section 582 of the Code of Civil Procedure subsequently to the enactment of section 583 of that code, should not be construed as an implied repeal of the latter.

ID.—FILING OF ANSWER—WHETHER WAIVES DELAY IN PROSECUTION.— The defendants in a suit to quiet title, by filing their answers, waive any laches predicated upon the ground of failure on the part of the plaintiff to prosecute the action prior to the filing of the answers, and after filing their answers the only showing of fact which the defendants are entitled to make or have considered by the court in support of a motion of dismissal is the plaintiff's neglect in prosecuting the case after the date of such filing.

ID.—STATUTE—INTERPRETATION WITH REFERENCE TO PURPOSE OR OBJECT. A statute must be construed with reference to the object to be accomplished by it, and in ascertaining such object it is proper to consider the necessity for its enactment.

ID.—CONSTRUCTION OF STATUTE—NECESSARY IMPLICATIONS.—Whatever is necessarily implied in a statute is as much a part of it as that which is expressed; and affirmative expressions in a statute introducing a new rule imply a negative of all not within their purview.

APPEAL from an order of the Superior Court of Los Angeles County dismissing an action and from a judgment of dismissal entered thereupon. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Charles Lantz, and Davis, Lantz & Wood, for Appellant.

John W. Shenk, City Attorney, Myron Westover, Deputy City Attorney, L. M. Fall, O. B. Carter, Charles F. Culver, and George M. Harker, for Respondents.

THE COURT.—This case was pending in the district court of appeal of the second district. The justices of that court being unable to agree, it was sent here. The very question involved has been decided by this court in the case of *Romero* v. *Snyder, ante,* p. 216, [138 Pac. 1002] (L. A. No. 3243), in which an opinion written by Mr. Justice Lucien Shaw was filed February 6, 1914. The opinion in this case, prepared by Mr. Justice Victor E. Shaw of the district court of appeal of the second district, his associate Mr. Justice James concurring, is in harmony with the reasoning and conclusions reached by this court in *Romero* v. *Snyder,* and is therefore adopted. It is as follows:

"Action to quiet title. The appeal is prosecuted by plaintiff from an order of court dismissing the action against defendants the city of Los Angeles and Merchants Trust Company, the latter sued as executor of the last will and testament of Edwin R. Fox, deceased, and from a judgment of dismissal entered upon such order in favor of said defendants.

"The moving papers and ruling of the court are embodied in and authenticated by a bill of exceptions. The suggestion of respondents that the bill of exceptions should be disregarded for the reason that it fails to specify the particular errors upon which appellant relies, is without merit.

"The history of the proceedings, so far as pertinent to the discussion follows: The complaint in the action, commenced

in the name of Los Angeles Trust Company, as administrator, etc., was filed February 1, 1907, and on the same day summons issued therein. Edwin R. Fox, who was named in the complaint as a defendant, died without summons being served upon him, on March 21, 1909. On February 10th, by order of court, John Griffin Johnston was substituted as plaintiff in the action, and on February 16, 1910, upon suggestion of the death of defendant Edwin R. Fox, it was ordered that the Merchants Trust Company, as the executor of the last will and testament of deceased, be substituted as defendant. The summons was served upon both the city of Los Angeles and Merchants Trust Company as such executor, within three years from the commencement of the action, and due return made thereon. Hence, whatever inherent power the court possessed, it had no power, by virtue of section 581a of the Code of Civil Procedure, to dismiss the action. On October 13, 1910, plaintiff, by leave of court, filed his amended and supplemental complaint in the action, copies of which, upon the same day, were served upon respondents. The Merchants Trust Company filed its answer thereto on October 20, 1910, and the City of Los Angeles filed its answer thereto on November 2, 1910. No further proceedings were had until June 14, 1911, when plaintiff served upon defendants notice that he would, on June 19, 1911, move the court to set the case for trial. This motion was heard on July 3, 1911, at which time the court set the cause for trial on October 27, 1911. Thereafter, on July 31st, pursuant to notice, respondents moved the court to dismiss the action as to them upon the ground of failure on the part of plaintiff, as to both defendants, to prosecute the action with diligence, and as to the city of Los Angeles, upon the further ground that a part of the property involved was a portion of one of the public streets of the city, and that other portions of the property were then involved in an action then pending, wherein the city was plaintiff and Moore et al., were defendants, instituted after the commencement of this action. A further ground specified for the dismissal of the action as to the Trust Company was that it had no interest in the lands described in the complaint. The court made an order, in general terms, dismissing the action as to both defendants.

"The fact that the Merchants Trust Company claimed no interest in the property was not sufficient ground for dismissal, since, instead of filing a disclaimer, it had answered denying plaintiff's ownership and right to the possession of the property, and this without regard to the sufficiency of the answer. Neither was the fact that the city had instituted an action against others involving a portion of the land claimed by plaintiff, or that a part of it was used as a public street, all as shown by defendant's affidavit, a ground for dismissal as to the city.

"Failure to prosecute the action with diligence is specified by both parties as a ground for dismissal. A consideration of this ground involves a discussion of sections 581, 581a, 582, and 583 of the Code of Civil Procedure. As the statute law existed prior to 1889, the six subdivisions of section 581 prescribed the conditions under which actions might be dismissed, and section 582 provided that 'in every case other than those mentioned in the last section, judgment must be rendered on the merits.' Notwithstanding the express provisions of this last section, and the fact that a dismissal for laches in the prosecution of an action is not a judgment on the merits, but a refusal to hear and determine upon the merits (*Rosenthal* v. *McMann*, 93 Cal. 505, [29 Pac. 121]), it has been repeatedly held that the trial courts possessed the inherent power in their discretion to order a dismissal of an action for failure to prosecute it with diligence, and that such order would not be reversed unless an abuse of discretion was made to appear. In 1889, subdivision 7 was added to section 581, the substance of which is embodied in section 581a, whereby it was made mandatory upon the court to order a dismissal where summons is not issued within one year from the commencement of the action, or, if issued, not served and return thereon made within three years from such time. It was again insisted that by this provision the courts were restricted under the provisions of section 582, directing that in every case other than those mentioned in section 581, judgment must be rendered on the merits, and the court again held that, notwithstanding the existence of said section 582 and the mandatory provisions of subdivision 7 by amendment added to section 581, the court had the inherent power at any time in its discretion to dismiss an action for unreasonable delay in the prosecution

thereof, notwithstanding the fact that the time for the issu-
ance of summons or the service thereof, as accorded by said
provision, had not expired (*Stanley* v. *Gillen,* 119 Cal. 176,
[51 Pac. 183]) ; and that this power to dismiss extended to
an action wherein an answer had been filed. (*First National
Bank* v. *Nason,* 115 Cal. 626, [47 Pac. 595].) Under this
state of the law, section 583 was enacted in 1905. This sec-
tion provides: 'The court may, in its discretion, dismiss any
action for want of prosecution on motion of the defendant
and after due notice to plaintiff, whenever plaintiff has failed
for two years after answer filed to bring such action to trial.
Any action heretofore or hereafter commenced shall be dis-
missed by the court in which the same shall have been com-
menced or to which it may be transferred on motion of the
defendant after due notice to plaintiff or by the court on its
own motion, unless such action is brought to trial within five
years after the defendant has filed his answer, except where
the parties have stipulated in writing that the same may be
extended.' A statute must be construed with reference to
the object to be accomplished by it, and in ascertaining such
object it is proper to consider the necessity for its enactment.
Prior to the enactment of section 583, the courts were vested
with discretionary power to dismiss an action at any time, not-
withstanding an answer had been filed. Having such power
at all times, no purpose could be subserved by enacting the
first paragraph of the section authorizing the court, in the
exercise of its discretion, to dismiss an action two years after
answer filed, unless it was to change the rule under which the
courts had theretofore acted and restrict the exercise of such
power, where answer was filed, to two years after the date of
such filing. It is true the provision does not in terms prohibit
the court from ordering a dismissal at any time prior to the
expiration of two years after answer filed; but whatever is
necessarily implied in a statute is as much a part of it as that
which is expressed. (*Bailey* v. *State,* 163 Ind. 165, [71 N. E.
655].) Moreover, the rule is that affirmative expressions in
a statute introducing a new rule imply a negative of all not
within their purview. (*District Township of City of Du-
buque* v. *City of Dubuque,* 7 Iowa, 262; *Harlan* v. *Roberts,*
2 Ohio Dec. 473.) The declaration that the court had power
in its discretion to dismiss an action upon the conditions pre-

scribed implied the negative of the power to dismiss unless such conditions existed. In 1907 the provision embodied in subdivision 7 of section 581 was enacted into a new section numbered 581a, which fact, as stated by the code commission, rendered it necessary, at the same time to amend section 582 by substituting the word 'all' for the word 'every,' and the words 'two sections' for the word "section." It is suggested that this amendment made subsequently to the enactment of section 583 effected an implied repeal of the latter section, for the reason that it declares that judgment must be rendered on the merits in all cases other than those mentioned in sections 581 and 581a. Conceding this claim, since a dismissal is not a judgment on the merits, we are unable to perceive how it can avail defendants, or by what logic it can be construed as effectual in working a repeal by implication, and ineffectual in directing that the cases not mentioned in the two preceding sections shall be heard and judgments rendered on the merits. In our opinion, however, the amendment of section 582 should not be construed as a repeal of section 583. Manifestly it was not so intended by the legislature, but, as said by the code commissioner, rendered necessary by the shifting of the provision contained in subdivision 7 of section 581 to section 581a. As amended the section is no broader in its scope or purpose than it was prior to 1907, when amended.

"Moreover, we are of the opinion that by filing their answers respondents waived any laches predicated upon the ground of failure on the part of plaintiff to prosecute the action prior to the filing of such answers, and that after filing their answers the only showing of fact which defendants were entitled to make or have considered by the court in support of the motion was his neglect in prosecuting the case after the date of such filing. The record shows that seven months and twelve days after answers were filed plaintiff gave notice of his application to have the case set down for trial; that on July third the case was set for trial on October twenty-seventh; that on July thirty-first defendants made their motion for dismissal. Certainly a delay after answer filed of little more than seven months in taking the necessary steps to have a date fixed for trial was not an unusual or unreasonable delay in the prosecution of the case. In some of the courts the

enforcement of such a rule under the circumstances shown, would dispose of a large percentage of the cases on the calendar. In our opinion the order dismissing the action constituted error.''

The order and judgment of dismissal are reversed.

Beatty, C. J., does not participate in the foregoing.