[Civ. No. 1587.   First Appellate District.—January 25, 1915.]

## G. PISTOLESI, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

JUSTICES' COURT APPEALS—DISMISSAL—CONSTRUCTION OF SECTIONS 583 AND 890 CODE CIVIL PROCEDURE.—Section 583 of the Code of Civil Procedure does not apply to actions pending in the superior court on appeal thereto upon questions of fact from the justices' court; and the right of the superior court to dismiss such an action for failure to prosecute it with reasonable diligence does not depend upon either subdivision 1 of section 890 of the Code of Civil Procedure or upon section 583 thereof, but it is a matter within its inherent power limited only by a sound discretion.

ID.—DISMISSAL OF ACTION BY JUSTICES' COURT—LACK OF DILIGENCE—SECTION 890 CODE CIVIL PROCEDURE.—Section 890 of the Code of Civil Procedure provides when a justices' court may dismiss an action pending before it for failure to prosecute the same to judgment and makes the granting or denying of the motion a matter of discretion. This section applies to an action pending in the justices' court, and not to an appeal pending in the superior court in such an action.

ID.—DISMISSAL BY SUPERIOR COURT—SECTION 583 CODE CIVIL PROCEDURE. Section 583 of the Code of Civil Procedure, which provides "any action heretofore or hereafter commenced shall be dismissed *by the court in which the same shall have been commenced,* or to which it may be transferred on motion of the defendant, after due notice to the plaintiff, or by the court of its own motion, unless such action is brought to trial within five years after the defendant has filed his answer," is inapplicable to a justices' court appeal, as such action is not *commenced* in the superior court, nor can it be regarded as having been "transferred" thereto on "motion of the defendant."

APPLICATION for a Writ of Mandate originally brought in the District Court of Appeal for the First Appellate District to compel respondents to dismiss an action pending in the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

O. F. Meldon, and L. C. Pistolesi, for Petitioner.

Samuel M. Samter, for Respondents.

KERRIGAN, J.—This is a petition for a writ of mandate to compel defendants to dismiss an action pending in said superior court.

The sole question involved is, Does section 583 of the Code of Civil Procedure apply to actions pending in the superior court on appeal thereto upon questions of fact from the justices' court?

The essential facts are these: On the twenty-second day of November, 1904, the action out of which this proceeding grows was commenced. Within the time prescribed by law the answer of the defendant therein was filed, and on the second day of May, 1905, judgment was rendered in favor of the plaintiff therein, W. P. Johnson, against the defendant G. Pistolesi (who is the petitioner here) for a certain sum, together with interest and costs. From that judgment Pistolesi perfected an appeal to the superior court, stating that such appeal was taken upon questions of both law and fact; and the papers in the action were accordingly, as required by law, transmitted to the superior court. The case has never been tried in the superior court, and on the twenty-seventh day of December, 1913, the defendant Pistolesi served the plaintiff Johnson with a notice that he would move the superior court for an order dismissing the action because of the plaintiff's failure for more than five years to prosecute it or bring it on for trial after answer filed. This motion was made and denied.

It is conceded that if the superior court was vested with discretion as to whether or not the motion should be granted, this court cannot interfere with that court's conclusion. But it is claimed by petitioner, as before stated, that, more than five years having elapsed after the commencement of the action, the mandatory provision of subdivision 2 of section 583 applies, and that therefore the superior court should have dismissed the action. Respondent, on the other hand, insists that section 583 is inapplicable to a case brought to the superior court on appeal from a justice's court, and that the granting or denying of a motion to dismiss such appeal, when it is taken on questions of both law and fact, is a matter resting within the sound discretion of the superior court, citing subdivision 1 of section 890 of the Code of Civil Procedure.

We think that neither this subdivision nor section 583 is applicable to this case. The former provides when a justice's

court may dismiss an action pending before it for failure to prosecute the same to judgment; and makes the granting or denying of the motion a matter of discretion. We think this section applies to an action pending in the justice's court, and not to an appeal pending in the superior court in such an action.

The case of *Hubbard* v. *Superior Court,* 9 Cal. App. 166, [98 Pac. 394], is not in conflict with this position. There the summons had not been served within three years after the action was commenced; and all this court held was that the subdivision of section 581 of the Code of Civil Procedure which is now section 581a of that code did not apply to actions commenced in the justice's court, but that the case was controlled by section 890. Whether or not an action pending on appeal to the superior court shall be dismissed for lack of diligence in its prosecution, does not depend upon what the law is as to actions pending in the justice's court (sec. 980), and there is nothing in the case referred to holding to the contrary.

Nor do we think section 583 of the Code of Civil Procedure, is applicable to this case. It reads as follows:

". . . Any action heretofore or hereafter commenced shall be dismissed *by the court in which the same shall have been commenced* or to which it may be transferred on motion of the defendant, after due notice to plaintiff, or by the court on its own motion, unless such action is brought to trial within five years after the defendant has filed his answer. . . ."

This action was not *commenced* in the superior court, nor can it be regarded as having been "transferred" to that court "on motion of the defendant," the latter language aptly describing only an action transferred to a court of identical jurisdiction in another county.

Although it appears to us plain that neither of the sections referred to applies to this case, the superior court could yet, as it did, resort to its inherent power to pass on the motion and grant or deny it. "It is settled by numerous decisions in this state that the superior court, without the aid of statutory authority, has the power to dismiss an action because of the failure of the plaintiff to prosecute it with reasonable diligence." (*Romero* v. *Snyder,* 167 Cal. 216, [138 Pac. 1002].) There it was held that if only a demurrer and not an answer was filed the provisions of section 583 of the Code of Civil

Procedure, did not apply; but that the court under its general jurisdiction might dismiss the action for failure to prosecute it with reasonable diligence, and would be limited in so doing only by a sound discretion.

The court in the present case denied the motion; and it is not claimed, if this is a case for the exercise of discretion, that there has been any abuse thereof. It follows from what has been said that the writ should be denied, and it is so ordered.

Lennon P. J., and Richards, J., concurred.