[Civ. No. 2070. Second Appellate District.—July 5, 1916.]

## S. O. LONG, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF SAN DIEGO et al., Respondents.

Justice's Court Appeal — Dismissal — Lack of Diligence.—The provision of section 583 of the Code of Civil Procedure that an action shall be dismissed by the court in which the same shall have been commenced, or to which it may be transferred on motion of the defendant, unless brought to trial within five years after the defendant has filed his answer, does not apply to actions pending in the superior court on appeal thereto from a justice's court, but the court possesses inherent power in its discretion to make an order of dismissal.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Second Appellate District.

The facts are stated in the opinion of the court.

W. A. Martin, and F. J. Trude, for Petitioner.

W. P. Cary, for Respondents.

SHAW, J.—Pursuant to a writ of review issued out of this court, the superior court of San Diego County through its clerk has made a return of the transcript and record of the proceedings had and taken by respondents in a certain case entitled *"T. P. Banta* v. *S. O. Long,"* from which it appears that on November 6, 1905, a judgment was rendered in favor of the plaintiff therein by the recorder's court of Imperial township (then a part of San Diego County), from which the defendant, who is petitioner here, on November 7, 1905, perfected an appeal upon questions of both law and fact to the superior court of San Diego County. No further proceeding

was taken by either party to said action until June 7, 1915, at which time defendant therein, pursuant to notice given, moved the court to dismiss the same upon the grounds, first, that the action had not been prosecuted with diligence; second, that it had not been brought to trial by plaintiff within five years after defendant had filed his answer therein, as required by section 583 of the Code of Civil Procedure. The court denied the motion and proceeded to a trial of the case, as a result of which judgment went for plaintiff.

The contention of petitioner is that upon the facts stated, the court had no jurisdiction other than to make an order granting his motion to dismiss the action.

The sole point involved is whether the provision of section 583 of the Code of Civil Procedure, providing that an action shall be dismissed by the court in which the same shall have been commenced, or to which it may be transferred on motion of the defendant, unless brought to trial within five years after the defendant has filed his answer, applies to actions transferred to the superior court on appeal from a recorder's or justice's court. This question was involved in the case of *Pistolesi* v. *Superior Court,* 26 Cal. App. 403, [147 Pac. 104]. There the petitioner applied for a writ of mandate to compel the superior court to dismiss the action upon facts identical with those here presented. The court held that section 583 of the Code of Civil Procedure did not apply to actions pending in the superior court on appeal thereto from a justice's court, and that while the court possessed inherent power in its discretion to make an order of dismissal, it could not be compelled to do so. To what is said in the opinion in that case, we may add that the case is not brought strictly within the provisions of the statute, since it appears that defendant filed his answer in the justice's court, and upon the issues so joined a trial was had. We regard the case above cited as determinative of the question presented, and upon the authority thereof the proceedings of the superior court in the action of *T. P. Banta* v. *S. O. Long,* made the subject of this review, are affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 31, 1916.