[L. A. No. 6492.   In Bank.—March 28, 1921.]

## THE CITY OF LOS ANGELES, Petitioner, v. THE SUPERIOR COURT OF TUOLUMNE COUNTY et al., Respondents.

[1] Dismissal of Action—Failure to Bring to Trial Within Five Years After Answer—Stipulation Extending Time—Right to Dismissal.—Under section 583 of the Code of Civil Procedure, which requires the dismissal of an action on motion of the defendant, or on the court's own motion, if not brought to trial within five years after answer filed, except where the parties have stipulated in writing that the time may be extended, a stipulation extending the time within which the action must be brought to trial for one year did not destroy the mandatory force of the statute or affect the right of the defendant to a dismissal after the expiration of the extended period.

[2] Id.—Due Prosecution of Action — Elimination of Extended Time—Effect of Stipulation.—Under section 583 of the Code of Civil Procedure, which requires the dismissal of an action on motion of the defendant, or on the court's own motion, if not brought to trial within five years after answer filed, except where the parties have stipulated in writing that the time may be extended, a stipulation extending the time within which the action must be brought to trial for one year and further providing that no part of the year should be considered should any question arise concerning the prosecution of the action, merely effected an estoppel upon the defendant to count the period of continuance as part of the time limit of the code provision, but did not operate as a waiver of the right of the defendant to a dismissal after the expiration of the extended period.

[3] Id.— Time Set for Trial — Giving of Ninety Days' Notice — Effect of Stipulation.—Under section 583 of the Code of Civil Procedure, which requires the dismissal of an action on motion of the defendant, or on the court's own motion, if not brought

to trial within five years after answer filed, except where the parties have stipulated in writing that the time may be extended, a provision in a stipulation extending the time within which the action must be brought to trial that at least ninety days' notice of the time set for the trial should be given by the moving party did not operate in any way to extend the running of the five-year period.

[4] ID.—CORRESPONDENCE AND CONFERENCES BETWEEN PARTIES—NON-WAIVER OF RIGHT OF DISMISSAL.—The right of a defendant to a dismissal of an action for failure to bring to trial within five years after answer filed is not waived by correspondence and conferences had after answer filed regarding preliminaries to the trial and tentative attempts to settle the case out of court, where there was no intimation by word or conduct suggesting a concession on the part of the defendant or an understanding on the part of the plaintiff that the former might not avail itself of the provisions of section 583 of the Code of Civil Procedure.

[5] ID.—CONSTRUCTION OF CODE PROVISION—IMPORTANCE OF ACTION—EQUITIES OF PARTIES—IMMATERIAL MATTERS.—In a proceeding involving the construction and interpretation of section 583 of the Code of Civil Procedure, which requires the dismissal of an action on motion of the defendant, or on the court's own motion, if not brought to trial within five years after answer filed, except where the parties have stipulated in writing that the time may be extended, the importance of the case and the equities of the parties on the merits cannot be considered, since the section is mandatory in its requirements.

APPLICATION for a Writ of Mandamus to compel the Superior Court of Tuolumne County to enter an order of dismissal of a civil action. G. W. Nicol, Judge. Granted.

The facts are stated in the opinion of the court.

Jess E. Stephens, Charles S. Burnell, W. B. Mathews, W. A. Lamar, Rowan Hardin, Williams & Williams, Goudge, Robinson & Hughes and S. B. Robinson for Petitioner.

William M. Abbott, William M. Cannon and Kingsley Cannon for Respondents.

SLOANE, J.—This proceeding involves the construction and interpretation of section 583 of the Code of Civil Procedure, which requires the dismissal of an action on motion of the defendant, or on the court's own motion, if not brought to trial within five years after answer is filed.

The matter is before this court on petition for a writ of mandate to require the superior court of Tuolumne County and the judge thereof to enter an order of dismissal in the case of *Inyo Development Company* v. *The City of Los Angeles*, pending in that court. The action was begun July 19, 1913, and was brought to enjoin the city of Los Angeles from diverting the waters of the Owens River from their natural channel, to the alleged detriment of plaintiff's prior rights.

Although there is some controversy as to the date of the filing of the answer of defendant, it satisfactorily appears that such answer was filed on or about the 17th of November, 1913. The action was never brought to trial, and on or about the twenty-first day of November, 1919, over six years after answer was filed, the defendant served its notice of motion for a dismissal. On the hearing of the motion the court made its order denying the application, and thereafter defendant filed its petition in this court for the issuance of the writ which is the subject of this hearing.

Section 583 of the Code of Civil Procedure reads as follows: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after answer filed to bring such action to trial. Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court on its own motion, unless such action is brought to trial within five years after the defendant has filed his answer, except where the parties have stipulated in writing that the time may be extended."

The principal contention arises upon the interpretation of the last clause of the section, wherein the requirement for a dismissal after five years is qualified by the words, "except where the parties have stipulated in writing that the time may be extended."

Respondents insist upon a literal and restricted interpretation of the clause quoted, as meaning that if there has been an extension of time by written stipulation, whether for a day or a year, whether expressly limited or general in its

terms, that the mandatory force of the provision is forever waived and nullified.

In this case there was a stipulation which resulted in an extension of the five-year limitation.

The case had been set for trial on the application of the defendant for the fourth day of October, 1915, nearly two years after the filing of the answer. A continuance was demanded by the plaintiff, which was opposed by the defendant on the ground, among others, that there were important witnesses who could not be obtained again for many months if the trial was postponed. A continuance for one year was finally agreed to, however, under the following stipulation, signed by both parties:

"It is hereby stipulated by and between the plaintiff and the defendant, The City of Los Angeles, that the above entitled cause shall not be tried prior to one year from the date hereof unless by the mutual consent of the parties hereto, and that at least ninety days' notice of the time set for the trial of said cause shall be given by the party moving for the setting of said cause, to the other party hereto.

"It is further understood that the said period of one year from the date hereof, during which the said cause shall not be tried, is consented to by both parties hereto; that the said plaintiff shall not be held to have failed to prosecute said cause during the said year, and that no part of the said year shall be considered should any question arise in said cause concerning the prosecution thereof."

[1] There is nothing in the first paragraph of this stipulation postponing the trial for one year and requiring a notice of ninety days upon resetting the case for trial, which affects the operation of the statute. It would have still been incumbent upon the plaintiff to bring the matter to trial within the five-year period. The parties evidently recognized this fact and for plaintiff's protection the second clause was added, providing that the year covered by this postponement should not be taken into account if any question thereafter arose as to the due prosecution of the cause.

This provision was not an express stipulation that the time for trial might be extended beyond the five-year period. Defendant was still at liberty, after a reasonable space of time, at least beyond the year's continuance, to move the court for a dismissal under the discretionary power of the

court to dismiss after two years for want of prosecution under the first provision of section 583; but it did have the further effect of eliminating the year covered by the stipulation from consideration if application for dismissal should be made under either clause of the code section. It might still be questioned, however, if we are to insist upon a strict and literal interpretation of the statute, if this can be construed as a stipulation or consent that the bringing of the cause to trial could be postponed beyond the five years' limit. It merely effected an estoppel upon the defendant to count the period of this continuance as part of the time limit of the code provision.

But conceding that the stipulation is within the exception of the code section, and is an express stipulation in writing that the time in which to bring the cause to trial may be extended beyond the statutory limit, we cannot agree with respondents that the mandatory force of the statute is destroyed thereby. Its operation is merely postponed. It is clear that such was the intention of the parties. This express agreement that the year of continuance should not be counted was an implied notice that the right to rely upon the statute should not be otherwise impaired.

Respondents' position goes to the extent of holding that an express agreement which would extend the time within which to bring a cause to trial beyond the five years for "one day and no more" would be a complete waiver of all right to a dismissal under this section for all future time. We think the requirement means that such dismissal "shall be granted unless such action is brought to trial within five years after the defendant has filed his answer," except where, pursuant to a stipulation of the parties, a different limit has been fixed. It would be a strange situation if a defendant who had the right under this section of the code to a peremptory dismissal of the action against him could not give the plaintiff a few days of grace and at the same time reserve his right to insist upon such dismissal if the stipulated conditions were broken.

This exception was not intended to detract anything from the mandatory force of the statute. The provision was made for the benefit of both the courts and litigants. The court may exercise the power of dismissal on its own motion, but the right is given to the parties to extend the period,

providing it is done by a written stipulation. The very word "extended" negatives the idea of termination or abrogation. The statute fixes the limitation at five years, the parties, by written agreement, may extend this period for a day, a month, or a year, which is the most that can be said for the stipulation in this case.

Were it not for the fact that this enactment to prevent unlimited postponement of trials is to an extent one of public policy as well as of private concern to the litigants, there would have been no occasion for providing permission for an extension of the time by stipulation of the parties. Ordinarily, in matters affecting only the rights of the parties they are at liberty to enlarge or curtail the operation of the statute by stipulation at their pleasure. (Civ. Code, sec. 3513.)

[2] And no one would think of construing a stipulation extending the time of a party to plead or serve notice, or to perform any other act, as a waiver of the right to its enforcement beyond the time expressly stipulated. None of the decisions cited by respondents covers the point raised here. Perhaps the nearest expression on the subject is in *Larkin* v. *Superior Court,* 171 Cal. 719, [Ann. Cas. 1917D, 670, 154 Pac. 841], where the court was dealing with fixing dates of trial, extending time to plead, consenting to continuances, and the like, all within the five years' period, and which the court holds not to constitute an extension of the statutory period for bringing the cause to trial. In that opinion the court uses the following language: "A stipulation in terms waiving the benefit of this section, or one in terms providing that the time fixed by the section within which trial must be had shall be extended 'indefinitely, or for a definite time, or a series of stipulations continuing the trial to a date beyond the five-year period, might any of them suffice as an answer to a motion to dismiss, and constitute a stipulation in writing that the time (*the five-year period*) shall be extended." This expression was outside the issues before the court, but it correctly states the law. Just what happened in the instant case was a stipulation not to take into account the period of the one year's postponement of the trial, in the consideration of any motion to dismiss for want of prosecution. Its effect was to postpone for a definite period of one year the time when defendant could

avail itself of the right to this mandatory provision, and it was not until the expiration of six years, a full five years without taking into account the year covered by the stipulation, that the motion here sought to be enforced was made.

*Johnston* v. *Baker,* 167 Cal. 260, [139 Pac. 86], merely holds that the provision of section 583, authorizing the court in its discretion to dismiss an action for failure to bring to trial within two years, impliedly denies the power to exercise such discretion within a less period. *Pistolesi* v. *Superior Court,* 26 Cal. App. 403, [147 Pac. 104], and *Long* v. *Superior Court,* 31 Cal. App. 34, [159 Pac. 734], were both on motions to dismiss after appeal from justices' courts on questions of both law and fact where the cases had been brought to trial and tried in the lower court after answer filed. In the former of these cases one ground of denial of the writ arose through the inadvertent misinterpretation by the court of the provision that the action shall be dismissed "by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant." The words "on motion of the defendant" were misapplied as referring to a transfer from one court to another on motion of the defendant, whereas the reference is to a dismissal on motion of the defendant, as obviously appears from the context. In *Hickman* v. *Lynch,* 27 Cal. App. 354, [149 Pac. 997], some two and a half years after the answer was filed, permission was granted defendant to file a cross-complaint. The court held that for this reason "it appears that the case at bar was not fully and finally at issue for a period of five years, but only for a period of three years."

Respondents call special attention to the decision in *Nathan* v. *Dierssen,* 164 Cal. 607, [130 Pac. 12], as being decisive in their favor. There is nothing on the face of that opinion to indicate the grounds upon which the order denying dismissal was sustained. The only comment made in the decision on appeal is that there was ample evidence to justify the court in holding that stipulations extending the time for bringing the action to trial had been made.

If it may be inferred from the record on that appeal that the court was of the opinion that mere written extensions of the time of trial during and not extending beyond the five-year period were stipulations within the meaning of section 583 of the Code of Civil Procedure, operating to prolong

or extinguish the time within which an order of dismissal should be made, in the absence of conditions creating an estoppel, such opinion is overruled by the decision of this court in Bank in the case of *Larkin* v. *Superior Court, supra.*

In the absence of such express stipulation or equitable estoppel the rule as laid down in *Larkin* v. *Superior Court* is that no such extension of time can be inferred from a stipulation fixing a trial date or granting continuances for periods within the five years, under circumstances which do not preclude the plaintiff from bringing the cause to trial within the prescribed time, notwithstanding such stipulated delay. As is said in that opinion: "There is nothing in this that can fairly be taken as indicating any consent on the part of the defendants that the five-year period shall be extended by so much as a single minute, or as intimating to defendant that any such extension would be permitted. It is a stipulation in writing extending *the five-year period* that the statute provides for, and without such stipulation, certainly in the absence of some element of estoppel, there can be no effective answer to a motion to dismiss."

For the reasons we have stated there is no merit in any of respondents' objections to the issuance of a peremptory writ of mandate, which are based upon the stipulation here considered.

It is true that the effect of the limitation in section 583 of the Code of Civil Procedure on the five-year period of dismissal under the exception "where the parties have stipulated in writing that the time be extended" might well have been more fully expressed in the statute, but in view of the nature and purpose of the enactment there can be no reasonable question that this exception clearly implies that the extension referred to is only such as is covered by the stipulation. Whatever is necessarily implied in a statute is as much a part of it as that which is expressed, and the statute must be construed with reference to the purpose to be served by it. (*Johnston* v. *Baker, supra; Bailey* v. *State,* 163 Ind. 165, [71 N. E. 655].) "When the intention of a statute is plainly discernible from its provisions, that intention is as obligatory as the letter of the statute and will even prevail over the strict letter." (25 R. C. L. 968; *Pickett* v. *United*

*States*, 216 U. S. 456, [54 L. Ed. 566, 30 Sup. Ct. Rep. 265, see, also, Rose's U. S. Notes] ; *State ex rel. Husting* v. *Board of Commrs.*, 159 Wis. 216, [Ann. Cas. 1916D, 159, 150 N. W. 542] ; *Pool* v. *Simmons*, 134 Cal. 621, [66 Pac. 872].)

[3] The provision contained in the stipulation for a continuance of October 4, 1915, that at least ninety days' notice shall be given of the resetting of the cause for trial, did not operate in any way to extend the running of the five-year period. The plaintiff was at liberty to have the trial set for the day after the stipulated year of continuance had expired, and could have served notice thereof at any time within ninety days of such date. It had no more right to have a continuous extension of its time in which to bring the case to trial under this ninety days' stipulation than it would have had under the five-day notice required by statute. It is true that under this stipulation for ninety days' notice there would have been no date within ninety days of the expiration of the five-year period for bringing the cause to trial when it could have been set without the consent of defendant, but that was one of the contingencies arising under the stipulation that plaintiff was bound to provide against. No such attempt to set for trial was made, but it could not have extended plaintiff's rights in the premises if it had been made and opposed by defendant.

There are a number of other circumstances arising out of the proceedings in this case, which respondents contend should operate to establish waiver or estoppel of the defendant in pressing this motion for dismissal, which we do not deem it necessary to discuss separately. They are all based upon the nature and importance of the issues involved in the action, the delay in determining the court in which the action should be tried, and the judge who should preside at the trial, demands and agreements for continuances, negotiations for stipulations as to uncontested facts, correspondence and conferences with a view to reaching a settlement out of court.

[4] We, of course, are not concerned with the matters involved or the time that elapsed prior to the filing of the answer, as the five years only began to run from that date. After the answer, proceedings were had on the application of the defendant for procuring a trial before another judge,

as the superior judge of Inyo County, where the action was commenced, was disqualified, and after negotiations between the parties it was in the early part of May, 1915, stipulated that the cause be transferred to the superior court of the county of Tuolumne. On application of defendant thereafter the trial was set for October 4, 1915. A postponement was then had at the instance of plaintiff for one year under the stipulation herein discussed. No further move was made toward again setting the date for trial until in November, 1918. In the early part of December, 1918, the new date of trial was agreed upon between the parties as of March 10, 1919. Discussion was had as to whether the trial should be held in Tuolumne County, or for the convenience of witnesses in the county of Inyo. Plaintiff claims that at the time of agreeing upon the date for trial it was orally stipulated that there might be further postponement at the instance of either party. Later, at the request of plaintiff, the order setting the cause for trial on March 10th was vacated. So far as we are able to discover from the record, no further effort was made to bring the matter to trial, although the notice of motion to dismiss was not filed until the 21st of November, 1919. During all the pendency of the action there was correspondence and conferences regarding preliminaries to the trial, and tentative attempts to settle the case out of court, but accepting as true the facts as stated in respondents' answer and affidavits, we fail to find any intimation by word or conduct that suggests a concession on the part of defendant or an understanding on the part of plaintiff that defendant might not avail itself of the provisions of section 583. Indeed, the express stipulation of the parties, taking the period of the one year's continuance from the statutory period, shows a reservation at that time of all rights under the statute except as modified by the stipulation.

[5] Counsel for respondent urge upon our attention the importance of this case to the plaintiffs, and both sides discuss at some length their respective equities on the merits, but these are considerations we cannot take into account. The question before us is on the construction of this statute, and we cannot make it over to fit the exigencies of this particular litigation. It is a salutary law and mandatory in

its requirements. It can seldom happen that any good excuse exists in delaying trial of a cause for five years.

Let a peremptory writ of mandate issue as prayed for.

Shaw, J., Olney, J., Lawlor, J., Wilbur, J., Lennon, J., and Angellotti, C. J., concurred.

Rehearing denied.

All the Justices concurred.