[Civ. No. 11804. First Dist., Div. One. Aug. 29, 1941.]

ELMHURST PACKERS, INC. (a Corporation), Petitioner,
v. THE SUPERIOR COURT OF ALAMEDA COUNTY,
Respondent.

Chickering & Gregory for Petitioner.

Samuel J. Jones for Respondent.

WARD, J.—Petitioner seeks a writ of mandate to compel the dismissal of an action for failure to bring it to trial within five years. (Code Civ. Proc., sec. 583.)

An action for breach of a contract for the sale of frozen peas was filed on April 28, 1936, and summons served on defendant, petitioner herein, on April 30, 1936. A demurrer to the complaint, served on or about May 27, 1936, was sustained with leave to amend. On or about June 9, 1937, an amended complaint was served and filed and a stipulation entered into between the parties that defendant should have ten days from and after written notice from plaintiff within which to demur or answer the amended complaint. On December 18, 1940, notice to demur or answer was so given, and on December 28, 1940, a demurrer by petitioner herein was filed, which was subsequently, on or about January 16, 1941, sustained, the plaintiff being given thirty days within which to amend its complaint. No further amended complaint appears of record. On or about May 3, 1941, shortly after the expiration of the five-year period, a motion to dismiss for want of prosecution was filed. This motion was denied.

■ The petitioner contends that the stipulation giving it, as defendant in said action, ten days after written notice to demur or answer the amended complaint, did not have the effect of extending the five-year period in which an action must be brought to trial. The effect of the stipulation was to relieve defendant from complying with the requirement to plead within ten days of service of the amended pleading. Plaintiff could have given the ten day notice at any time. Until the case was at issue it could not be brought to trial. Three years after the stipulation the notice was given by plaintiff.

■ The tendency of decisions is to give a strict construction to the second clause of section 583, Code Civ. Proc., which "makes a fixed and arbitrary rule that requires the performance of an 'act which the law specifically enjoins.' " (*Andersen* v. *Superior Court,* 187 Cal. 95, 98 [200 Pac. 963].) In *Romero* v. *Snyder,* 167 Cal. 216, 220 [138 Pac. 1002], it was said that it was a legislative determination to fix "A maximum period of five years, upon the expiration of which,

the delay is declared to be sufficient as a matter of law and the dismissal is made mandatory'' except where the parties have stipulated in writing that the time may be extended.

In the present case the facts are admitted. The only written stipulation between the parties is dated June 9, 1937. Its meaning, scope and effect require no judicial determination. It speaks for itself. If the stipulation was of doubtful construction, the acts of the parties in the further conduct of the proceedings could be resorted to in determining the intent of the parties. Assuming that the terms of the stipulation are doubtful in the present case, there is nothing therein to show an intent on the part of either party that the provisions of sec. 583 should be waived. The delay stipulated came to an end on December 18, 1940, upon written notice from plaintiff to defendant to demur or answer the amended complaint. Ten days later defendant complied with the notice by filing a demurrer which was sustained, plaintiff being given thirty days to amend. No further action by plaintiff seems to have been taken. The written stipulation of June 9, 1937, is of no further concern in the present proceeding.

Respondent in its answer to the present petition avers that when the demurrer to the amended complaint, filed pursuant to the notice dated December 18, 1940, was sustained, it was agreed between counsel that if a further amended complaint could not be filed within the time allowed by the court, it could be filed at the convenience of plaintiff's attorney. It is not averred that this agreement was in writing, and it did not extend the time beyond the five-year period. (*Miller & Lux, Inc.,* v. *Superior Court,* 192 Cal. 333 [219 Pac. 1006]; *Bank of America* v. *Superior Court,* 22 Cal. App. (2d) 450 [71 Pac. (2d) 296].)

It is respondent's theory that the petitioner is estopped to take advantage of the mandatory provision of section 583 by the ''unusual facts of this case.'' The facts appear as follows: That counsel was acting under pressure of other business, which we do not deem necessary to comment upon; that there was another action pending similar to the case here involved, and that the motion to dismiss in that case was also denied—a matter which is not before this court; and finally, that the delay was due to negotiations to settle the litigation in California and elsewhere. ''But estoppel resulting from such conduct does not appear to be a proper

ground for creating an exception to the terms of the statute." (*Christin* v. *Superior Court,* 9 Cal. (2d) 526, 529, 530 [71 Pac. (2d) 205, 112 A. L. R. 1153].) In the words of Mr. Justice Sloane in *City of Los Angeles* v. *Superior Court,* 185 Cal. 405, 414 [197 Pac. 79] : "During all the pendency of the action there was correspondence and conferences regarding preliminaries to the trial, and tentative attempts to settle the case out of court, but accepting as true the facts as stated in respondents' answer and affidavits, we fail to find any intimation by word or conduct that suggests a concession on the part of defendant or an understanding on the part of plaintiff that defendant might not avail itself of the provisions of section 583."

A peremptory writ of mandate requiring the Superior Court of the County of Alameda to enter an order dismissing said action as to petitioner, is granted.

Peters, P. J., and Knight, J., concurred.