[Civ. No. 7424.   Third Dist.   June 18, 1948.]

ANGELO FAVRETTO, JR., as Guardian, etc., Appellant, v. ANGELO FAVRETTO, Respondent.

Albert Picard and Carlton & Shadwell for Appellant.

Glenn D. Newton and Carr & Kennedy for Respondent.

PEEK, J.—This is an appeal by plaintiff from what we conclude to have been a proper order granting defendant's motion to dismiss the action under the provisions of section 583 of the Code of Civil Procedure on the ground that it had not been brought to trial within five years.

The record discloses that the complaint which was filed on December 15, 1941, was followed by an amended complaint filed on June 10, 1942. By the latter pleading plaintiff, as guardian of the person and estate of his mother, Erminia Favretto, an incompetent person, sought to have it determined that defendant, the former husband of the incompetent and father of the guardian, held title to certain real property in trust for her; to require an accounting for the rents, issues and profits thereof; to require defendant to convey to the mother the title to said property and to require defendant to pay to her certain sums per month for support during her lifetime. Defendant's answer, which denied generally the allegations of the amended complaint and affirmatively alleged that the action was barred by sections 318, 337, 338, subdivision 4 and 343 of the Code of Civil Procedure, was filed October 1, 1942, and the cause was then at issue. On January 3, 1944, defendant moved to dismiss the action for failure to bring the same to trial within two years. After hearing, the motion was denied on June 19, 1944. The court in justification of its action stated that by reason of the entry into the armed services of the original plaintiff and because of the substitution of counsel for plaintiff, the motion would be denied. Shortly thereafter, in accordance with the admonition of the trial court the cause was set for trial on September 12, 1944. Because of the illness of defendant the case did not go to trial on the date set but was continued upon written stipulation of the parties to be reset by stipulation of counsel or upon motion of either party. It appears that during most of this time efforts were made by both counsel to compromise and settle the action. These negotiations culminated in a final letter by defendant's counsel to plain-

tiff dated January 4, 1946, wherein it was stated that defendant offered the sum of $11,250 in full settlement and in accordance with their previous understanding that defendant would be released from all liability and support of plaintiff, which offer was accepted by plaintiff's guardian. The facts and circumstances subsequent to such offer and acceptance, as appears from the various affidavits of counsel, are both contradictory and conflicting. Particularly is this true in regard to the drafting of the necessary documents for filing in the probate court in order to obtain approval of said compromise.

Thereafter on February 2, 1947, pursuant to the provisions of section 583 of the Code of Civil Procedure, defendant filed his motion to dismiss the action for failure to bring the same to trial within five years, which motion was granted and this appeal followed.

The pertinent portions of section 583 as it then read provided for the mandatory dismissal of the action either upon the motion of counsel or the court where such action had not been brought to trial within five years after the filing of the complaint, except upon the written stipulation of counsel extending the time or where the defendant has been absent from the state or has concealed his whereabouts if within the state.

There can be no question but that such section is mandatory whenever it is applicable (*Pacific Greyhound Lines* v. *Superior Court*, 28 Cal.2d 61 [168 P.2d 665]) but by reason of the permissive wording of the statute allowing the extension of the time therein set forth upon written stipulation, our courts have held that said action was not arbitrarily designed to close a proceeding in all events upon the termination of that five-year period. (*Christin* v. *Superior Court*, 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153].) However, to relieve a plaintiff of the obvious mandatory provisions thereof it has been consistently held that in the absence of a sufficient stipulation (*Miller & Lux Inc.* v. *Superior Court*, 192 Cal. 333 [219 P. 1006]) there must be a showing that the action should not be dismissed either by reason of the absence of the defendant from the state thereby bringing the case within the specific exemption of the statute (*Ojeda* v. *Municipal Court*, 73 Cal.App.2d 226 [166 P.2d 49]) or because of the conduct or action of the defendant (*Judson* v. *Superior Court*, 21 Cal.2d 11 [129 P.2d 361]) or where,

although defendant was not guilty of acts of obstruction, nevertheless it would have been impossible for plaintiff to proceed to trial. (*Pacific Greyhound Lines* v. *Superior Court, supra; Christin* v. *Superior Court, supra.*)

While it is contended to a degree that the alleged acts of defendant's counsel in failing to prepare the necessary documents for filing in the probate court contributed to the failure to proceed, it is not contended that such acts were the sole cause of delay. Rather it is plaintiff's contention that because of the negotiations which had resulted in what he contends was a complete agreement on the terms of the compromise that therefore it became both futile and impracticable for him to try the case, arguing that in so doing he thereby would have refuted the settlement. Respondent, however, argues that the settlement was not complete, which construction was likewise accepted by the trial court and formed one of the reasons for its denial of the motion.

Plaintiff relies primarily upon the Christin and Pacific Greyhound Lines cases, apparently because the court therein in referring to the case of *Kinard* v. *Jordan,* 175 Cal. 13, [164 P. 894], stated that in that opinion the court had set reality above artificiality, and that likewise there should be excluded from the statute those cases ". . . where, for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile." However, it does not necessarily follow that what might be shown to be impracticable and futile under the specific provisions of the Soldiers and Sailors Act [54 Stats. 1178, 50 U.S.C.A. App. §§ 501 et seq.] as in the Pacific Greyhound Lines case also might be impracticable and futile in the absence of such a statute as in the present case. Nor does it follow that the admitted negotiations herein constituted such an impossible, impracticable or futile situation so as to create a further exception to the statute. (*Elmhurst Packers* v. *Superior Court,* 46 Cal.App.2d 648 [116 P.2d 487]; *Los Angeles* v. *Superior Court,* 185 Cal. 405 [197 P. 79].)

Nevertheless what is impossible, impracticable or futile must be determined in light of the facts of the particular case. From the record before us it is readily apparent that from a factual standpoint the cases relied upon by plaintiff are entirely different from the present. In *Christin* v. *Superior Court, supra,* it was impossible to bring the case to

trial because of the pending appeal of an order changing the venue of the trial. In the Pacific Grayhound Lines case the court concluded that by reason of one of the defendants being absent and in the armed services it was, as alleged by plaintiff in his affidavit, impossible, impracticable and futile to proceed with the trial and therefore the plaintiff was held to be entitled to a stay of proceedings under the provisions of the Soldiers and Sailors Act. To the same effect is the case of *Rauer's Law etc. Co.* v. *Higgins,* 76 Cal.App.2d 854 [174 P.2d 450]. In the final case cited by plaintiff (*Ojeda* v. *Municipal Court, supra*) the order of the trial court denying a motion to dismiss on the ground that defendant had been absent from the state for the most part of the five-year period was affirmed by the reviewing court.

Nowhere in the record before us is it shown that plaintiff was precluded in any way from bringing the case to trial, either because of any of the situations set forth in the cited cases or by reason of any understanding with defendant, express or implied, that the defendant would not avail himself of the provisions of said section 583. (*Los Angeles* v. *Superior Court,* 185 Cal. 405 [197 P. 79].) To the contrary it appears in the affidavit of counsel for defendant in support of the motion, which averment is not denied, that at the time the written stipulation was entered into postponing the trial of the case it was expressly stated by said attorney to plaintiff's counsel that in signing the stipulation the defendant did not waive nor did he intend to waive any right to move for dismissal of the case if it was not brought to trial within the five-year period.

The judgment is affirmed.

Thompson, J., and Adams, P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 12, 1948. Carter, J., did not participate.