[Civ. No. 15259.   First Dist., Div. Two.   Feb. 27, 1953.]

WILLIAM BERGER, Appellant, v. VALERIE BERNARD McMAHAN, Respondent.

William Berger, in pro. per., W. L. A. Calder and Abraham Glicksberg for Appellant.

Samuel L. Fendel, Sol Silverman and James A. Toner for Respondent.

PATTERSON, J. pro tem.—This is an appeal from an order dismissing an action under the provisions of the Code of Civil Procedure, section 583, for failure to bring it to trial within five years after the filing of the complaint. The relevant dates are as follows:

December 6, 1945—Original complaint filed and summons issued.

April 2, 1946—Answer to complaint filed.

July 20, 1947—Original defendant died.

August 4, 1947—Defendant administrator was granted letters of administration.

March 6, 1951—Memorandum of motion to set cause for trial filed.

March 7, 1951—Notice of motion to dismiss action for failure to prosecute filed.

April 30, 1951—Order of trial court and judgment of dismissal for failure to bring action to trial within five years filed.

Plaintiff first raises the question, "Do oral stipulations have the effect of stopping the defendant from enforcing section 583, C.C.P.?" The plaintiff has not pointed out the oral stipulations referred to and none are disclosed by the record. However, the code section itself provides for the mandatory dismissal of the action upon motion either of counsel or the court where such action has not been brought to trial within five years after the plaintiff has filed his action except upon the written stipulation of counsel extending the time or where the defendant has been absent from the state or has been concealed within the state. In *Bank of America, v. Moore & Harrah,* 54 Cal.App.2d 37, 43 [128 P.2d 623], the court said: "The statute has the very salutary purpose of expediting trials. Its language is clear and definite and the integrity of its meaning has generally been upheld by the courts in a plenitude of decisions. In the several legislative amendments to which it has been subjected the Legislature has not seen fit to temper the rigor of the language or its forthright construction and support by the courts; the tendency, rather, has been to extend and make more certain its

operation. With respect to the invoked doctrine of estoppel we observe that the Supreme Court in *Miller & Lux, Inc.* v. *Superior Court* (1923), *supra,* 192 Cal. 333 [219 P. 1006], at 339, said 'While there is language in several of the cases construing section 583 which seems to recognize the possibility of a waiver by estoppel, it is to be noted that without exception these cases hold that a written stipulation is required. . . . The statute provides that the time for trial may be extended by *written stipulation.* It does not provide that it may be extended by a written stipulation "or its equivalent." ' "

█ The second question raised by the plaintiff is whether his request for the entry of a default prevented the dismissal of the action for lack of prosecution. The defendant died on July 20, 1947, and pursuant to stipulation the court made an order permitting the action to be continued against the administrator of the defendant. Following the order the plaintiff filed a supplemental complaint alleging the death of the defendant, the appointment of the administrator and the filing of a creditor's claim. No answer was filed to this pleading although an answer to the original complaint was on file. The record shows that on the day the order was made dismissing the action, which was more than five years after the action was filed, the plaintiff requested the default of the defendant to be entered. No claim is made that the defendant was absent from the state or concealed therein nor that it was impossible or futile to bring the action to trial within five years. Under these circumstances the dismissal was mandatory. (*Rose* v. *Knapp,* 38 Cal.2d 114, 117 [237 P.2d 981]; *Andersen* v. *Superior Court,* 187 Cal. 95, 97 [200 P. 963]; *Boyd* v. *Southern Pac. Co.,* 185 Cal. 344, 346 [197 P. 58]; *Douglas* v. *Superior Court,* 94 Cal.App.2d 395, 398 [210 P.2d 853]; *Jones* v. *Superior Court,* 86 Cal.App.2d 542 [195 P.2d 451]; *Favretto* v. *Favretto,* 86 Cal.App.2d 299, 301 [194 P.2d 748].) The court had no alternative but to dismiss. As stated in *Andersen* v. *Superior Court, supra,* (p. 97), "The trial court is without discretion to refuse an order of dismissal where it is made to appear that the action has not been brought to trial within the prescribed period and that no stipulation in writing to extend the time has been made."

Plaintiff filed a counteraffidavit in connection with the motion to dismiss in which he states that there were numerous conferences in an effort to negotiate and settle the case. He

further stated that he had been led to believe through the various conferences had with counsel for the defendant that the matter would be negotiated and settled. The last conference according to the affidavit occurred on December 15, 1950, at which time no settlement was reached. Plaintiff argues that under these circumstances the case should not have been dismissed. ██ Negotiations for settlement do not except an action from the mandatory provisions of the statute. (*Christin* v. *Superior Court*, 9 Cal.2d 526, 529, 530 [71 P.2d 205, 112 A.L.R. 1153], *City of Los Angeles* v. *Superior Court*, 185 Cal. 405, 414 [197 P. 79] ; *Elmhurst Packers, Inc.* v. *Superior Court*, 46 Cal.App.2d 648, 650, 651 [116 P.2d 487].) Plaintiff relies upon a statement in *Cameron* v. *Cameron*, 110 Cal.App.2d 258 [242 P.2d 408], to the effect that where there have been mutual bona fide efforts to compromise and the plaintiff has delayed bringing the action to trial because of reasonable belief induced by the nature of the negotiations that a trial could probably be avoided, it would be an abuse of discretion to dismiss the action. The factual situation there, however, was entirely different. In that case there had been an appeal. After it was remanded to the trial court and within the three year period in which the plaintiff had to bring the matter to trial, it was dismissed for lack of prosecution. The court's order of dismissal was affirmed upon the grounds that it was a matter of discretion, and there was no abuse of discretion present. The case is not in point here.

The judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.