22639. STATE HIGHWAY DEPARTMENT v. NOBLE.

ARGUED SEPTEMBER 15, 1964—DECIDED NOVEMBER 6, 1964.

*Eugene Cook, Attorney General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General, Asa D. Kelley, Lundie Smith, Deputy Assistant Attorneys General,* for plaintiff in error.

*Hugh D. Wright, Edward Parrish,* contra.

HEAD, Presiding Justice. The State Highway Department, alleging that it was acting for and on behalf of the State of Georgia, filed a condemnation proceeding against W. W. Noble under the provisions of *Code Ch.* 36-11. Assessors were named and filed their award. The judge of the superior court entered a judgment declaring the lands to be condemned in fee simple upon payment of the award, and on the same date the money was paid into court. On April 7, 1959, the State Highway Department filed its appeal to a jury in the superior court.

Chapter 36-11 of the Code, under which the condemnation

proceeding was filed, provides (in § 36-1110) that the right of appeal shall lie from the award of the assessors to a jury in the superior court in the same manner as provided by Chapter 36-6, which pertains to appeals in condemnation cases. *Code* § 36-601 provides that either party within ten days from the time the award is filed may appeal to the superior court in the county where the award is filed, and that "at the term succeeding the filing of the appeal, it shall be the duty of the judge to cause an issue to be made and tried by a jury as to the value of the property taken or the amount of damage done," with the same right to move for a new trial and file a bill of exceptions as in other cases at law. The appeal of the State Highway Department was not tried at the next term of the court, although it appeared on the calendar for that term (as appears from the record) along with approximately 140 other cases. Approximately 40 of the cases were appeals by the State Highway Department in condemnation cases. The record discloses that the State, by action of the Governor and the Attorney General, had employed able counsel to represent the State in the prosecution of these appeals, and that counsel for the State Highway Department was ready, able, and willing to try the present case at any subsequent term of the court, and even sought a special term of the court for the disposition of it and other condemnation appeals. No trial was had and no action was taken in the present case, and on June 8, 1964, the trial judge passed an order reciting that the condemnee had moved that the appeal of the condemnor be dismissed for the reason that there had been no written order in the case since the filing of the appeal, and that it "is, therefore, considered, ordered and adjudged that said above captioned case [State Highway Department of Georgia v. W. W. Noble] be dismissed under the provisions of Code Section 3-512."

The State Highway Department filed its equitable petition to vacate the order of dismissal and to reinstate its appeal. In this petition the Act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 342-343; *Code Ann.* § 3-512) was attacked on a number of Constitutional grounds. After a hearing the trial judge passed an order denying the application to reinstate the appeal. The exception is to this judgment.

By an Act approved December 22, 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 342, 343, *Code Ann.* § 3-512) the General Assembly provided for the dismissal of suits. Section 1 of that Act is as follows: "From and after the passage and approval of this Act, any suit filed in any of the courts of this State in which no written order is taken for a period of five years the same shall automatically stand dismissed with costs to be taxed against the party plaintiff. For the purposes of this bill an order of continuance will be deemed an order."

In *City of Chamblee v. Village of North Atlanta,* 217 Ga. 517, 523 (123 SE2d 663), Mr. Justice Grice, writing for the full court, in regard to this Act stated: "The legislature's intention, as we view it, was to remove from trial courts those cases whose continued pendency only clutter the dockets." In *Swint v. Smith,* 219 Ga. 532, 534 (134 SE2d 595), Mr. Justice Mobley stated for the full court that the Act served the "dual purpose of preventing court records from becoming cluttered by unresolved and inactive litigation and protecting litigants from dilatory counsel," and its enactment was "a declaration of the General Assembly that it is in the public interest to remove from court records litigation which has been inactive for a period of five years." In neither *City of Chamblee v. Village of North Atlanta,* supra, nor *Swint v. Smith,* supra, was the issue before the court that is presented by the present case.

The judgment of condemnation was entered more than five years prior to the order of dismissal, and had become final. In so far as the order of the judge by reference to "said above captioned case" purports to dismiss the condemnation proceedings, such order is void and of no effect. It was beyond the power of the court to dismiss a proceeding which had terminated in a final judgment unappealed from and unreversed. Whether or not the appeal by the State Highway Department from the assessors' award to a jury in the superior court could be dismissed, is the issue now before this court.

The Act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 342-343; *Code Ann.* § 3-512) does not purport by its terms to apply to all proceedings in the courts of this State. Its application is limited to "any suit." Chapters 81-1 and 81-2 of the Code pro-

vide how suits are commenced, and none of the provisions of these chapters relating to the commencement of a suit are applicable to an appeal from an award of assessors in a condemnation proceeding, where a final judgment has been rendered and only the appeal to a jury in the superior court from the assessors' award is pending, nor is an appeal from an award of assessors to a jury in the superior court in a condemnation proceeding a suit within the provisions of *Code* § 85-1802. Black's Law Dictionary, 3d Ed., p. 122, defines an appeal as: "The removal of a cause from a court of inferior to one of superior jurisdiction, for the purpose of obtaining a review and retrial."

The General Assembly at the time of the passage of the 1953 Act must be presumed to have known the provisions of the Code (Chapters 81-1 and 81-2) with reference to the commencement of suits in the superior courts of this State, and must further be presumed to have known that all proceedings in such courts, under the decisions of this court, are not suits.

In *Heath v. Bates,* 70 Ga. 633, 637, this court held that a scire facias is a judicial writ founded on some matter of record, and so far in the nature of an original action that the defendant may plead to it, yet "a scire facias not being a suit or action," the pendency of a former suit can not be pleaded in abatement of it.

In *Cook v. Hendricks,* 146 Ga. 63, 65 (90 SE 383), counsel for the plaintiffs in error contended that proceedings for a homestead constitute notice to all the world from the time the petition is filed, and if duly prosecuted, one who purchases pending the suit is affected by the decree rendered. This court in reply to this contention stated: "The vice of this contention lies in the fact that the application to set apart the homestead is not a suit. A suit at law is a remedy to enforce a right to recover for a violation of a contract, or for an injury done. Civil Code 1910, § 3652 [now § 85-1802]."

In *Smith v. Bukofzer,* 180 Ga. 209, 211 (178 SE 641), this court said that an obligation to pay attorney's fees in a deed to secure debt is unenforceable unless the notice required by law be given "and suit is brought to enforce the debt secured," and that, " 'Suit,' as employed in this statute, manifestly contemplates any form of action for recovery of the debt in a court

having jurisdiction to render a judgment on the demand, where there is provision for 'a return day.' "

All suits under *Code* §§ 81-101 and 81-201, as amended, require that the clerk shall annex to every petition a process, signed by the clerk or his deputy, bearing teste in the name of the judge of the court, and directed to the sheriff or his deputy, requiring the defendant to answer the petition and process within 30 days. "Where there is no process and no waiver of process, no valid suit arises." *Jackson v. Jackson,* 199 Ga. 716, 722 (35 SE2d 258). An appeal from an award of assessors in a condemnation proceeding does not require any process as is required in all suits at law.

A statute of the State of California provided as follows: ". . . Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff, or by the court on its own motion, unless such action is brought to trial within five years after the defendant has filed his answer. . ." In Pistolesi v. Superior Court, 26 Cal. App. 403 (147 P 104) it was held that this section of the California Code did not apply to an appeal pending in the superior courts of that State. See also Long v. Superior Court, 31 Cal. App. 34 (159 P 734).

The applicable rules of construction demand that the Act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 342-343; *Code Ann.* § 3-512) be given no broader construction than the plain and unequivocal language employed therein (*Board of Tax Assessors of Decatur County v. Catledge,* 173 Ga. 656, 160 SE 909; *Claxton v. Johnson County,* 194 Ga. 43, 47, 20 SE2d 606) ; and so construed, it has no application to an appeal pending in the superior court from an award of assessors in a condemnation proceeding.

The trial judge had no authority to dismiss the State's appeal in the condemnation proceeding, and he erred in refusing to vacate the order of dismissal and reinstate the appeal.

Constitutional questions will not be ruled upon unless their determination is essential to protect some right of the complaining party. *Armstrong v. Jones,* 34 Ga. 309 (3) ; *McGill v. Osborne,* 131 Ga. 541 (2) (62 SE 811); *Sumter County v. Allen,*

193 Ga. 171, 173 (17 SE2d 567); *Harper v. Davis*, 197 Ga. 762, 765 (30 SE2d 481).

*Judgment reversed. All the Justices concur.*