[Sac. No. 4029. In Bank.—August 20, 1927.]

CHARLES L. DONOHOE COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE COUNTY OF GLENN and CLAUDE F. PURKITT, Judge Thereof, Respondents.

[1] DISMISSAL—DELAY IN BRINGING ACTION TO TRIAL—STIPULATION—MANDAMUS.—Upon this application for a writ of mandate to compel the respondents Superior Court and the judge thereof to dismiss an action upon the ground that it had not been brought to trial within five years after answer filed, it is held that letters exchanged between the attorneys were abundantly sufficient in themselves to constitute a written stipulation extending the statutory time.

[2] ID. — STIPULATIONS — AUTHORITY OF ATTORNEYS. — In such a case where the evidence showed that the attorney who entered into

---

2. See 9 Cal. Jur. 543.

the written stipulation for the extension of time not only represented to the attorney for the plaintiff for a long period of time and also stated in open court in the presence of the judge and in the hearing of the officers actually in charge of the affairs of the defendants that he was acting in all matters in which the defendants were interested, and the attorney who filed the answer for the defendant company was in court when the cause, pursuant to said stipulation, was reset for trial beyond the expiration of the five-year period, the trial judge was justified in concluding that the petitioner and the attorney who filed its answer sanctioned the stipulation in open court and rendered it in effect their own, and a motion to dismiss the action was properly denied.

[3] Id.—Showing for Mandate.—It is only when there is an entire absence of any showing constituting good cause presented in the superior court upon the hearing of a motion to dismiss an action that a writ of mandate to compel the dismissal may properly issue.

(1) 36 Cyc., p. 1281, n. 6. (2) 38 C. J., p. 916, n. 68. (3) 38 C. J., p. 628, n. 23.

APPLICATION for a Writ of Mandate to compel the Superior Court of Glenn County and Claude F. Purkitt, Judge thereof, to dismiss an action. Writ denied.

The facts are stated in the opinion of the court.

W. T. Belieu and Frederick Olds for Petitioner.

George R. Freeman for Respondents.

SHENK, J.—This is an application for a writ of mandate to compel the respondent Superior Court and the judge thereof to dismiss an action pending in said court for the foreclosure of a mortgage on real estate and entitled Frank Freeman *v.* Charles L. Donohoe, Charles L. Donohoe Company, a Corporation et al. The Charles L. Donohoe Company, the petitioner herein, presented a motion in the trial court to dismiss the action under section 583 of the Code of Civil Procedure, on the ground that the action had not been brought to trial within five years after the said com-

3. *Mandamus* to compel dismissal of action, note, 98 Am. St. Rep. 899. See, also, 16 Cal. Jur. 826; 9 R. C. L. 208; 18 R. C. L. 312.

pany had filed its answer and that it had not stipulated in writing that the time might be extended. After quite an extended hearing of the motion the court found and determined that a written stipulation had been entered into between the parties concerned in this proceeding extending the time beyond the five-year period. A transcript of the evidence taken on the hearing of the motion is before us and is relied on by both the petitioner and respondents. From this record it appears that a disputed question of fact arose before the trial court as to whether a written stipulation had been entered into as required by the statute. The statements in writing which the respondents contend amount to a written stipulation were embodied in numerous letters exchanged between the attorney for the plaintiff in said action and an attorney who for some years prior to the motion to dismiss and long before the expiration of the five-year period had charge of the legal affairs of the Donohoe interests, including those of the Donohoe Company. This correspondence need not be set out in detail. [1] It is sufficient to say that the letters exchanged between the two attorneys were abundantly sufficient in themselves, as determined by the trial court, to constitute a written stipulation extending the statutory time. But petitioner contends that the letters transmitted to plaintiff's attorney by the attorney representing the interests of the Donohoe Company were not signed by the attorney who filed the answer on behalf of said company. [2] The evidence shows that the attorney who entered into the written stipulation for the extension of time not only represented to the attorney for the plaintiff for a long period of time but also stated in open court, in the presence of the respondent judge and in the presence and hearing of the officers actively in charge of the affairs of the Donohoe Company, that he was acting in all matters in which the Donohoe Company was interested. This attorney also stated to the respondent judge in chambers that he was so acting. The attorney who filed the answer for the Donohoe Company was present in court when the cause was, pursuant to said stipulation, reset for trial beyond the expiration of the five-year period. Under the evidence the trial court was justified in concluding that the petitioner and the attorney who filed its answer so assented to and sanctioned

the said stipulation in open court as to render it in effect their own stipulation. Such being the case the respondents have shown good cause why the motion to dismiss the action was denied. [3] It is only when there is an entire absence of any showing constituting good cause presented in the Superior Court upon the hearing of the motion to dismiss that a writ of mandate to compel the dismissal of the action may properly issue (*Matter of Ford,* 160 Cal. 334, 349 [Ann. Cas. 1912D, 1267, 35 L. R. A. (N. S.) 882, 116 Pac. 757]; *Candeias* v. *Superior Court,* 49 Cal. App. 580 [193 Pac. 957]; *Chrisman* v. *Superior Court,* 63 Cal. App. 477 [219 Pac. 85]; 16 Cal. Jur., p. 819 et seq.). In view of the written stipulation found by the court to have been made and assented to by the parties it becomes unnecessary to discuss the other points urged by the respondents.

The peremptory writ is denied.

Seawell, J., Richards, J., Curtis, J., Langdon, J., Preston, J., and Waste, C. J., concurred.

Rehearing denied.