[Civ. No. 18782.  Second Dist., Div. Three.  Apr. 4, 1952.]

WINIFRED W. CAMERON, Appellant, v. ADRIAN E. CAMERON, Respondent.

Lee Combs and Wallace B. Scales for Appellant.

Meserve, Mumper & Hughes and Hewlings Mumper for Respondent.

SHINN, P. J.—Plaintiff Winifred W. Cameron appeals from an order dismissing the action for failure to diligently prosecute it after remittitur was filed reversing a former judgment in her favor. In June, 1941, plaintiff filed an action for separate maintenance against defendant. A final decree of divorce was entered February 18, 1943, on an amended complaint. A property settlement agreement had been entered into by the parties February 16, 1942, and the divorce decree made no disposition of community property. On February 27, 1946, plaintiff filed this action to set aside the property settlement agreement on the ground defendant had fraudulently concealed the nature and extent of his property. On appeal, a judgment for plaintiff after trial to the court was reversed for insufficiency of the evidence. (*Cameron* v. *Cameron*, 88 Cal.App.2d 585 [199 P.2d 443].) Remittitur was filed in the superior court January 19, 1949. A memorandum for setting for trial was not filed until January 3, 1951, and trial was set for June 11, 1951. The motion to dismiss for failure of diligent prosecution was notice for February 5, 1951, and granted April 18, 1951.

With the motion to dismiss and in opposition thereto affidavits were filed by the parties and their counsel. These related to plaintiff's claim that her delay was due to negotiations for settlement of the litigation. In February, 1949,

plaintiff made a motion for leave to file an amended complaint, which motion was denied February 21, 1949. In May, 1949, plaintiff noticed a motion in the divorce action for increase in the allowance for support of the child. The hearing was continued from time to time and the matter was determined September 29, 1949. During June and July there were some discussions betweeen the attorneys relative to settlement of both actions. It was further averred by one of plaintiff's attorneys, somewhat vaguely, that during the first few months of 1950 the matter of compromise was under consideration, and it was not until December, 1950, that plaintiff finally decided the possibility of compromise was remote. Defendant's attorneys denied that any compromise discussions took place after September 29, 1949, and denied dismissal of the fraud suit was mentioned except in connection with attempts to agree upon the amount of support money for the child.

Plaintiff contends that her delay was due to settlement negotiations and that it was an abuse of discretion for the court to dismiss the action. She further contends, under section 583, Code of Civil Procedure, the court has no power to dismiss an action until three years have elapsed after remittitur is filed. We will treat these contentions in reverse order.

Defendant's motion was not based on any statute but was addressed to the inherent power of the court.

▮▮▮▮▮ Section 583 provides that when "an appeal has been taken and judgment reversed with cause remanded for a new trial . . . the action *must* be dismissed by the trial court . . . unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court." (Italics added.) Plaintiff claims that this expresses a legislative intention that any delay up to three years is reasonable. This argument would be tenable only if section 583 is construed as a limitation of the power of the court to dismiss within the three year period. It is provided in section 583 that the "court may in its discretion dismiss any action for want of prosecution . . . whenever plaintiff has failed for two years after action has been filed to bring such action to trial." This provision takes from the court discretion to dismiss within the two-year period. (*Johnston* v. *Baker*, 167 Cal. 260 [139 P. 86].) The remaining provisions are mandatory. They require the court to dismiss (with some exceptions) if the action is not

brought to trial within five years after it is filed, or within three years after motion for new trial is granted or judgment reversed on appeal. They do not take away any of the court's inherent power to dismiss for want of prosecution. This was expressly decided in *Inderbitzen* v. *Lane Hospital,* 17 Cal.App.2d 103 [61 P.2d 514].

The remaining contention of plaintiff relates to the showing made by the affidavits. She points out that where the reason for delay was the attempt to effect a compromise, orders of dismissal have been reversed. (*Jepsen* v. *Sherry,* 99 Cal.App.2d 119 [220 P.2d 822]; *Ferris* v. *Wood,* 144 Cal. 426 [77 P. 1037].) ■ We would agree that when there have been mutual bona fide efforts to compromise and the plaintiff has delayed bringing the action to trial because of a reasonable belief, induced by the nature of the negotiations, that a trial could probably be avoided, it would be an abuse of discretion to dismiss the action. But we do not regard this as such a case.

■ The affidavits of the respective attorneys were sharply conflicting. We must presume the trial court believed the facts to be as stated in the affidavits of defendant and his attorneys. (*Brock* v. *Fouchy,* 76 Cal.App.2d 363, 369 [172 P.2d 945]; *Deyl* v. *Deyl,* 88 Cal.App.2d 536, 543 [199 P.2d 424].) ■ According to those affidavits defendant at no time had any intention of making a settlement of the fraud suit for more than its "nuisance value" in a small amount. There were negotiations with respect to a greater allowance for support of the child and defendant made an offer of $250 per month with the stipulation that the present action be dismissed. Plaintiff refused the offer and subsequently obtained an increase to $225 per month by order of court. Defendant at no time made any offer to settle the fraud suit nor did he entertain any offer made by plaintiff. Plaintiff's attorneys asserted that plaintiff intended to try the present action unless she received a large sum in settlement, which defendant's attorneys refused even to discuss. It is clear that defendant and his counsel regarded the reversal of plaintiff's judgment for insufficiency of evidence to be conclusive as to her claim of fraud. The efforts toward settlement were put forth by plaintiff and met with no response. Even in the discussions concerning support for the child defendant steadfastly denied there was any merit in the claim of fraud. Plaintiff's showing of the existence of negotiations for settlement was unsatisfactory. The demands

by one party for settlement and the consistent denial of liability and refusal to offer anything in settlement by the other party do not amount to "negotiations," such as would excuse delay in prosecuting the litigation. The trial court would have been warranted in concluding that the action was not set for trial because of plaintiff's lack of confidence in the merits of the claim of fraud, and an unfounded hope that defendant would some day offer a substantial sum in order to avoid a trial. It would also have been a reasonable conclusion that plaintiff's attorneys believed the action could not be dismissed if it was brought to trial within three years, although the motion to dismiss was not opposed upon that ground.

A dismissal for want of prosecution in cases not regulated by statute will not be disturbed upon appeal in the absence of a showing of a clear abuse of discretion. (2 Cal.Jur., p. 902.) We are of the opinion that no abuse of discretion has been shown.

The order dismissing the action is affirmed.

Wood (Parker), J., concurred.

Vallée, J., did not participate.

A petition for a rehearing was denied April 23, 1952. Vallée, J., did not participate. Appellant's petition for a hearing by the Supreme Court was denied May 29, 1952. Carter, J., was of the opinion that the petition should be granted.