247 Cal.App.2d 503 (1966)
55 Cal. Rptr. 634
CARL E. ANDERSON, Plaintiff and Appellant,
v.
VICTOR A. ERWYN, Defendant and Respondent.
Docket No. 30800.
Court of Appeals of California, Second District, Division One.
December 28, 1966.
*504 Robert A. Eaton for Plaintiff and Appellant.
Carl J. Mooslin for Defendant and Respondent.
LILLIE, J.
This is an appeal from an order of dismissal for want of prosecution within the five-year period (§ 583, Code Civ. Proc.). The proceedings leading up to the order began in a prior civil action involving the same parties filed by defendant herein, Victor A. Erwyn, represented therein by Abraham Gottfried, Esq., against plaintiff, Carl E. Anderson, represented by Robert A. Eaton, Esq.
Erwyn v. Anderson, No. 716100, was a suit on a written contract of employment filed January 28, 1959. After several demands made on defendant's counsel (Mr. Eaton) for a responsive pleading and none having been filed, Mr. Gottfried took a default on April 3, 1959, and obtained default judgment against Anderson eight months later, on December 3, 1959.
Thereafter, on July 12, 1960, Anderson filed a complaint in equity to set aside the default judgment entered against him on the ground of fraud. Defendant Erwyn filed his answer on July 20, 1960. Plaintiff did nothing to bring the matter to trial; finally as a result of the efforts of defendant's counsel, Mr. Gottfried, pretrial was noticed for February 15, 1961. However, on February 7, 1961, Mr. Gottfried advised Mr. *505 Eaton that he would be engaged in trial on February 15, 1961; accordingly, on the same day (February 7, 1961) Mr. Eaton addressed the following letter to Mr. Gottfried: "This will confirm our conversation of even date that the Pre-Trial heretofore set in the above entitled matter will be taken off calendar subject to being re-set at a mutually convenient time, by reason of the fact that you are otherwise engaged in trial." (Exh. E attached to Declaration and Points and Authorities in Opposition to Defendant's Motion for Order of Dismissal.)
Thereafter nothing was done by plaintiff Anderson to bring the case to trial. The five-year period having expired on July 12, 1965, defendant Erwyn, almost five months later, on December 1, 1965, moved the court for an order of dismissal for lack of prosecution. The trial judge found "that there is no stipulation extending the time in which this case is to be brought to trial within the meaning of Section 583 C.C.P.," and ordered a dismissal of the action.
Relying upon Bank of America v. Superior Court, 22 Cal. App.2d 450 [71 P.2d 296], appellant argues that the letter of February 7, 1961 (Exh. E) and certain other correspondence (Exh. A, B, C and D, dated July 21, 25, 26 and 28, 1960, respectively) are sufficient to constitute a written stipulation extending the time provided by section 583 because they "truly reflect[s] the parties' intention to extend the statutory period"; and that he relied "upon the understanding of the parties that the case would be heard on its merits, and action in another case postponed until a final decision was rendered in the case here on appeal."
[1] Operation of the five-year limitation provision of section 583, Code of Civil Procedure, is mandatory unless the plaintiff can bring his case within one of the exceptions made by the statute  here "a stipulation in writing" between the parties extending the statutory period  or within one of the implied exceptions recognized by decisions. (General Motors Corp. v. Superior Court, 65 Cal.2d 88, 94 [52 Cal. Rptr. 460, 416 P.2d 492]; Adams v. Superior Court, 52 Cal.2d 867, 870 [345 P.2d 466]; Rose v. Knapp, 38 Cal.2d 114, 117 [237 P.2d 981]; Christin v. Superior Court, 9 Cal.2d 526, 533 [71 P.2d 205, 112 A.L.R. 1153]; General Ins. Co. of America v. Superior Court, 245 Cal. App.2d 366, 368 [53 Cal. Rptr. 777]; Woley v. Turkus, 51 Cal.2d 402, 407 [334 P.2d 12]; Pacific Greyhound Lines v. Superior Court, 28 Cal.2d 61, 65 [168 P.2d 665]; Westphal v. Westphal, 61 Cal. App.2d 544, *506 550 [143 P.2d 405].) [2] The burden of avoiding the consequences of section 583 is cast on the party seeking to prevent a dismissal thereunder. (Clinton v. Joshua Hendy Corp., 244 Cal. App.2d 183, 186 [52 Cal. Rptr. 875]; General Ins. Co. of America v. Superior Court, 245 Cal. App.2d 366, 368 [53 Cal. Rptr. 777].)
While, in addition to the correspondence set up by Mr. Eaton in an effort to establish a stipulation, it appears in his counterdeclaration that he did "not set the matter for trial due to the fact that plaintiff has suffered a severe heart attack and has not been available for trial of the action," he presented no medical data and specified no time, extent or duration of plaintiff's alleged attack. In the light of this unsupported assertion and the trial judge's express finding that "there is no stipulation extending the time," we can only assume that he rejected this reason as even raising an issue of "excusable delay." Thus, we confine our discussion to whether plaintiff made out a case of a "stipulation in writing" between the parties extending the statutory time (§ 583). If he failed to do so, the expressed mandatory conditions for a dismissal were clearly established, the trial court was without discretion in the matter, and the order was proper. (Andersen v. Superior Court, 187 Cal. 95, 97, 103 [200 P. 963]; Miller & Lux Inc. v. Superior Court, 192 Cal. 333, 340 [219 P. 1006]; Prudential Ins. Co. v. Superior Court, 117 Cal. App. 528, 530 [4 P.2d 294].) [3] In this connection the trial judge considered the evidence contained in the affidavits and found the correspondence between the parties to be insufficient to constitute the necessary stipulation. Insofar as he has passed on the credibility of the declarants and the weight of the evidence, his finding is conclusive. (Preiss v. Good Samaritan Hospital, 171 Cal. App.2d 559, 564 [340 P.2d 661].)
The rule is set out in the leading case of Miller & Lux Inc. v. Superior Court, 192 Cal. 333 [219 P. 1006]: "An examination of the cases construing section 583, supra, discloses that no case decided by this court has held that anything short of a written stipulation extending in express terms the time of trial to a date beyond the five-year period, or expressly waiving the right to a dismissal under that section, will suffice to toll the running of the statutory time [p. 338].... The provision that a written stipulation be entered into was intended to preclude all disputes, with their attendant charges and countercharges of overreaching and unethical *507 conduct, by a requirement that clear and uncontrovertible evidence be presented to the court that the statutory time was deliberately intended to be extended by both parties." (P. 340.) Thus, it is only where there is "clear and uncontrovertible evidence" from writings signed by both attorneys and/or correspondence between them "that such attorneys did in fact agree" to the extension (Smith v. Bear Valley etc. Co., 26 Cal.2d 590, 599-600 [160 P.2d 1]; Charles L. Donohoe Co. v. Superior Court, 202 Cal. 15, 17 [258 P. 1094]) and "`the statutory time was deliberately intended [by them] to be extended....'" (Bella Vista Dev. Co. v. Superior Court, 223 Cal. App.2d 603, 614 [36 Cal. Rptr. 106]) or they intended to waive the right to dismissal under the provisions of section 583 (Bank of America v. Superior Court, 22 Cal. App.2d 450, 452 [71 P.2d 296]; Miller & Lux Inc. v. Superior Court, 192 Cal. 333, 340 [219 P. 1006]), that the statutory period will be tolled.
[4] At most, there is here a stipulation that the pretrial conference be taken off calendar subject to being reset at a mutually convenient time. We find nothing in the stipulation to place it within the provision of section 583. A similar stipulation in Prudential Ins. Co. v. Superior Court, 117 Cal. App. 528 [4 P.2d 294], provides "that the case might be dropped from the calendar, to be restored upon five days' notice by either party." (P. 529.) The court therein said: "There is nothing contained in the stipulation above referred to which takes the case out of the operation of the statute. A stipulation that a case be dropped from the calendar to be reset upon notice is not within the statute. (Central Pacific R.R. Co. v. Riley, 31 Cal. App. 394 [160 P. 844].) After the case was dropped from the calendar according to the stipulation, it was still the duty of the plaintiff to see that the case was brought to trial. (Kubli v. Hawkett, 89 Cal. 638 [27 P. 57]; Mowry v. Weisenborn, 137 Cal. 110 [69 P. 971].)" (P. 529.) After February 7, 1961, plaintiff did nothing to bring his case to trial.
Appellant claims that Exhibits A through D show the "clear and certain intention of counsel" that there would be a pretrial set at a future undetermined date after which time a trial date could be ordered, arguing that he relied upon this understanding that the case would be heard on its merits and action in another would be postponed until a "final" decision was reached in the instant case. We cannot accept his construction of these exhibits (A, B, C, D); nor do they in *508 any manner refer to, aid or supplement the subject matter of the letter of February 7, 1961, (Exh. E) written approximately six months later. Moreover, it appears that the word "final" in Exhibit A, inserted in ink by plaintiff's counsel after the original was sent to Mr. Gottfried, was never agreed upon by the latter, and that Exhibits B, C and D reflect no more than Mr. Gottfried's objection to the insertion of the word and Mr. Eaton's acquiescence to its deletion. If there is any evidentiary value to Exhibits A through D, they serve only to point up that Mr. Gottfried used great care in dealing with Mr. Eaton, which caution would seem to be compatible with an exact literal construction of Exhibit E (letter of February 7, 1961). In any event, a reasonable interpretation of any or all of the correspondence fails to justify any reliance on the part of plaintiff's counsel that in some way the matter eventually would be heard on the merits without the necessity of his taking any action to bring it to trial. The absence of action of any kind in that direction taken by him in the next four and one-half years thereafter dispels even any suggestion of plaintiff's diligence in the prosecution of his action. "`It has been stated frequently that "the duty rests upon a plaintiff at every stage of the proceeding to use due diligence to expedite his case to a final determination." (Raggio v. Southern Pacific Co., 181 Cal. 472, 475 [185 P. 171]; St. Clair v. Brix, 89 Cal. App. 94, 99 [264 P. 307]; Simonini v. Jay Dee Leather Products Co., 85 Cal. App.2d 265, 269 [193 P.2d 53]), "and no affirmative duty to do more than meet the plaintiff step by step is cast on the defendant." (Gunner v. Van Ness Garage, 150 Cal. App.2d 345, 347 [310 P.2d 32].)' (Knight v. Pacific Gas & Elec. Co., 178 Cal. App.2d 923, 929 [3 Cal. Rptr. 600].)" (General Ins. Co. of America v. Superior Court, 245 Cal. App.2d 366, 368 [53 Cal. Rptr. 777]; Geiger v. Aetna Insurance Co., 243 Cal. App.2d 235, 236-237 [52 Cal. Rptr. 212]; Clinton v. Joshua Hendy Corp., 244 Cal. App.2d 183, 188 [52 Cal. Rptr. 875].)
Lastly, it is claimed that defendant waived any right to a dismissal under section 583 by requesting that the pretrial conference be taken off calendar to be heard later. Rio Vista Min. Co. v. Superior Court, 187 Cal. 1 [200 P. 616], is not dispositive of his contention, for therein "the long delay in bringing the cause to trial was at the repeated request and for the accommodation of the defendants, and ... the attitude of defendants' counsel throughout was such as to lull the plaintiff into a sense of security as regards the provisions of *509 section 583 of the Code of Civil Procedure." (P. 5.) In addition, after the expiration of the period, defendants requested a continuance and agreed upon a new trial sending a telegram to that effect. [5] In the case at bar only one request was made by defendant  that the pretrial conference (originally set for a date certain through defendant's effort) go off calendar to be reset at a mutually convenient time; and while plaintiff had the duty to use diligence at every stage of the proceedings to expedite his case, he took no steps to restore the cause to the calendar. Absent any other requests or continuances for defendant's accommodation and any conduct on his part that possibly could have deluded plaintiff into the belief that the matter may thereafter and forever remain unprosecuted and that defendant would not invoke the provisions of section 583, we find no showing of waiver or estoppel. [6] "As the court stated in Preiss v. Good Samaritan Hospital (1959) 171 Cal. App.2d 559, 563 [340 P.2d 661]; `"Before estoppel can arise here there must have been a duty to act and a failure to act in accordance with the duty; some act in the nature of prevention." (Continental Pac. Lines v. Superior Court, 142 Cal. App.2d 744, 754 [299 P.2d 417].) [7] "The established doctrine in this state is that it is the plaintiff upon whom rests the duty to use diligence at every stage of the proceeding to expedite his case to a final determination. It is true that the defendant may bring about a trial of the case, but he is under no legal duty to do so. His presence in the case is involuntary and his attitude toward it is quite different from that of the plaintiff; he is put to a defense only, and can be charged with no neglect for failing to do more than meet the plaintiff step by step." (Oberkotter v. Spreckels, 64 Cal. App. 470, 473 [221 P. 698].)' (See Wright v. Groom Trucking Co. (1962) 206 Cal. App.2d 485, 493-496 [24 Cal. Rptr. 80].)" (Bella Vista Dev. Co. v. Superior Court, 223 Cal. App.2d 603, 614 [36 Cal. Rptr. 106].)
The order is affirmed.
Wood, P.J., and Fourt, J., concurred.