[Civ. No. 26320. First Dist., Div. One. Mar. 13, 1969.]

CAMILLE'S CORPORATION et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; BERNARD B. SCHNITZER, Real Party in Interest.

Cesari & Werner and James B. Werner for Petitioners.

No appearance for Respondent.

Field, DeGoff & Rieman and Walter Ryerson Rieman for Real Party in Interest.

ELKINGTON, J.—By petition for writ of mandate Camille's Corporation and Peter Zane seek to compel the superior court to dismiss a personal injury action in which they are two of several defendants. It is contended that because plaintiff, Bernard B. Schnitzer, failed without legal excuse to bring the action to trial within five years, his action must, as a matter of law be dismissed under Code of Civil Procedure section 583.

Section 583, as relevant here, provides that ''Any action . . . shall be dismissed . . . unless such action is brought to trial within five years . . . except where the parties have filed a stipulation in writing that the time may be extended. . . .''

The operation of section 583 is *mandatory* unless the plaintiff can bring his case within one of the statutory exceptions—here a stipulation in writing—or within an implied exception recognized by the courts. (See *Anderson* v. *Erwyn,* 247 Cal.App.2d 503, 505 [55 Cal.Rptr. 634], and authority there cited.) A recognized implied exception is '' 'impracti- bility due to excessive and unreasonable difficulty or expense.' '' (*General Motors Corp.* v. *Superior Court,* 65 Cal.2d 88, 94 [52 Cal.Rptr. 460, 416 P.2d 492].)

In the proceeding below plaintiff (real party here) made the following showing by way of declarations of his attorneys. There were two corporate defendants, including Camille's. A

dispute arose between them as to insurance coverage, each claiming that the other's insurance carrier had the sole coverage. The defendants and their insurance carriers represented that they recognized plaintiff's action as a case of liability. They stated that a declaratory relief action would be commenced to resolve the insurance coverage question, that plaintiff would be promptly advised at its conclusion, and that settlement negotiations would thereupon commence. They requested that "plaintiff take no further active steps with regard to this action, pending the determination of the declaratory relief action, because to do so would be futile and impractical because of the pending declaratory relief action and until such was determined both defendants would resist in any and every way payment of any judgment rendered in favor of plaintiff; and agreed that the passage of any time with regard to the pending declaratory relief action would be without prejudice to the timeliness of plaintiff's proceeding with his action, if such became necessary, because plaintiff's claims could not be settled. . . . [P]laintiff justifiably relied on these representations and did not pursue further active litigation in this action because of the foregoing. But for the foregoing representations to [plaintiff] and his justifiable reliance thereon, [plaintiff] would have pursued active litigation and brought this action to trial." Plaintiff never received notice or advice as to the status of the declaratory relief action. "A request for a written stipulation in this action waiving or extending the five-year statute of limitations has been made to defendants' attorneys, but Mr. Werner [representing one defendant] has not responded to this request, despite numerous daily telephone calls to him in that regard and Mr. Burdick [representing the other defendant] advised that his principal would not authorize such. . . . Declarant was . . . deeply shocked at the refusal of the defendants to enter into a written stipulation to the extension of the five-year statute of limitations in this matter when such was requested, . . ."

The alleged representations of defendants, set forth in the last paragraph, were denied by counterdeclaration. However, the trial judge, considering the evidence, found in favor of the plaintiff. Insofar as he passed on the credibility of the declarants and the weight of the evidence, his finding is conclusive. (*Anderson* v. *Erwyn, supra*, 247 Cal.App.2d 503, 506; *Preiss* v. *Good Samaritan Hospital*, 171 Cal.App.2d 559, 564 [340 P.2d 661].) ▇ Our task therefore is to determine

whether plaintiff's declarations, found to be true by the court, adequately support the order denying the motion· to dismiss.

Relying on *General Motors Corp.* v. *Superior Court, supra,* 65. Cal.2d 88, 94, which as stated, recognizes the implied exceptions of "impracticability," plaintiff contends that it was "impracticable" for him to proceed to trial within the five-year time limit of section 583.

We are presented with no authority, nor do we find any, which holds that oral assurances to counsel that a case will be settled after defendants iron out the question of liability render it "impracticable" for a plaintiff to bring his case to trial.[1] Certainly nothing in *General Motors Corp.* v. *Superior Court, supra,* 65 Cal.2d 88, suggests such a result. That case, holding that the concept of "impracticability" resists comprehensive definition, sets forth several applications of the rule. (Pp. 94-96.) None of them relates in any way to oral agreements, stipulations, representations or assurances made or relied upon by one or more of the parties.

Indeed, it is manifest that the very purpose of the section 583 exception requiring a written stipulation was to prevent the uncertainty that so often attends claims of oral understanding. Quoting from the leading authorities on this point the court in *Anderson* v. *Erwyn, supra,* 247 Cal.App.2d 503, 506-507, stated: "The rule is set out in the leading case of *Miller .& Lux Inc.* v. *Superior Court,* 192 Cal. 333 [219 P. 1006]: 'An examination of the cases construing section 583, *supra,* discloses that no case decided by this court has held that anything short of a written stipulation extending in express terms the time of trial to a date beyond the five-year period, or expressly waiving the right to a dismissal under that section, will suffice to toll the running of the statutory time [p. 338]. . . . The provision that a written stipulation be entered into was intended to preclude all disputes, with

---

[1]We note dicta in *Cameron* v. *Cameron,* 110 Cal.App.2d 258, 261 [242 P.2d 408], wherein the court said: "We would agree that when there have been mutual bona fide efforts to compromise and the plaintiff has delayed bringing the action to trial because of a reasonable belief, induced by the nature of the negotiations, that a trial could probably be avoided, it would be an abuse of discretion to dismiss the action. But we do not regard this as such a case." The motion to dismiss in that case was not based upon the mandatory five-year provisions of section 583 or upon any statute; instead it was addressed to the inherent power of the court. In *Ruby* v. *Wellington,* 162 Cal.App.2d 132, 139 [327 P.2d 586], and *Berger* v. *McMahan,* 116 Cal.App.2d 328, 331 [253 P.2d 543], cases involving the five-year section 583 rule, the quoted language of *Cameron* v. *Cameron, supra,* was held inapplicable.

their attendant charges and countercharges of overreaching and unethical conduct, by a requirement that clear and uncontrovertible evidence be presented to the court that the statutory time was deliberately intended to be extended by both parties.' (P. 340.) Thus, it is only where there is 'clear and uncontrovertible evidence' from writings signed by both attorneys and/or correspondence between them 'that such attorneys did in fact agree' to the extension (*Smith* v. *Bear Valley etc. Co.,* 26 Cal.2d 590, 599-600 [160 P.2d 1]; *Charles L. Donohoe Co.* v. *Superior Court,* 202 Cal. 15, 17 [258 P. 1094]) and ' "the statutory time was deliberately intended [by them] to be extended. . . ." ' (*Bella Vista Dev. Co.* v. *Superior Court,* 223 Cal.App.2d 603, 614 [36 Cal.Rptr. 106]) or they intended to waive the right to dismissal under the provisions of section 583 (*Bank of America* v. *Superior Court,* 22 Cal.App.2d 450, 452 [71 P.2d 296]; *Miller & Lux Inc.* v. *Superior Court* [*supra*], 192 Cal. 333, 340 [219 P. 1006]), that the statutory period will be tolled."

█ Moreover it is established law that the principles of waiver and estoppel may not successfully be raised in proceedings such as those before us. (*Christin* v. *Superior Court,* 9 Cal.2d 526, 529 [71 P.2d 205, 112 A.L.R. 1153]; *Anderson* v. *Erwyn, supra,* 247 Cal.App.2d 503, 509; *Bella Vista Dev. Co.* v. *Superior Court, supra,* 223 Cal.App.2d 603, 614; *Wright* v. *Groom Trucking Co.,* 206 Cal.App.2d 485, 490 [24 Cal.Rptr. 80].)

█ Our attention has been invited to the recently decided case of *Flamer* v. *Superior Court,* 266 Cal.App.2d 907 [72 Cal.Rptr. 561]. That case involved Code of Civil Procedure section 581a relating to dismissal of an action "unless the summons shall be served and return thereon made within three years . . . except where the parties have filed a stipulation in writing that the time may be extended." There, after the plaintiff's attorney had been disbarred, the general agent of defendant's insurance carrier advised her that she would be better off without an attorney and that she should instead make a settlement directly with him. Such a settlement was deferred beyond the pertinent three-year period, whereupon the motion to dismiss was made. The Court of Appeal applying the doctrine of estoppel reversed an order dismissing the action. The court, at page 917, expressly recognized the "rule whose purpose is to prevent unseemly conflicts between counsel with respect to claimed oral stipulations and unethical conduct. (*Miller & Lux, Inc.* v. *Superior Court,*

*supra,* 192 Cal. 333, 340; . . .)'' and then stated that such rule should "not be applied to permit a defendant to take unfair advantage of an uninformed plaintiff who through no fault of his own finds himself deprived of counsel after commencement of the action." *Flamer* in no way modifies the rule stated in *Anderson* v. *Erwyn, supra,* 247 Cal.App.2d 503, instead it appears to establish an additional implied exception which is not applicable here.

It is thus apparent that plaintiff did not establish either a statutory or implied exception to the operation of section 583. The trial court erred in denying the motion to dismiss.

A peremptory writ of mandate will issue directing the trial court to grant the motion of petitioners Camille's Corporation and Peter Zane to dismiss the action.

Molinari, P. J., and Sims, J., concurred.