Filed 12/1/15  Yu v. Northland Insurance Co. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BANN-SHIANG LIZA YU, | |
| Plaintiff and Appellant, | G050776 |
| v. | (Super. Ct. No. 30-2009-00255065) |
| NORTHLAND INSURANCE COMPANY, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Kim Garlin Dunning, Judge.  Reversed.

Mohammed K. Ghods, William A. Stahr, Jeremy A. Rhyne; LEX OPUS and Eric M. Schiffer for Plaintiff and Appellant.

The Aguilera Law Group, A. Eric Aguilera, Raymond E. Brown and Richard A. Semon for Defendant and Respondent.

\*          \*          \*

Plaintiff Bann-Shiang Liza Yu appeals from a judgment of dismissal under Code of Civil Procedure sections 583.310 and 583.360 (all further statutory references are to this code) for failure to bring her claims against codefendant Northland Insurance Company (Northland) to trial within five years from the date of its filing. She asserts there was an agreement among the multiple codefendants that commencement of trial as to one codefendant constituted commencement of trial as to all codefendants. Thus, she contends, she met the statutory requirements when she tried the first case against one of the codefendants within the five-year period.

Plaintiff also argues Northland waived or is estopped from raising the issue of timeliness based on its own delays, and that trying the case as to all the codefendants within five years was "impossible, impracticable, or futile." (§ 583.340.)

We conclude the parties did agree commencement of trial against one of the codefendants was commencement of trial against all codefendants, and the case was timely tried against at least one codefendant within the five-year period. Therefore, we reverse the judgment.

**FACTS AND PROCEDURAL HISTORY**

This case arose out of plaintiff's development of a hotel. Plaintiff alleged the hotel was poorly constructed and filed a construction defect action against the general contractor and various subcontractors. As part of settlements with some of the parties to that underlying action, plaintiff became the assignee of several insurance policies. She also was a direct beneficiary of other policies.

On March 25, 2009, plaintiff filed the current action against 18 insurance companies for declaratory relief, breach of contract and the implied covenant of good faith and fair dealing, and subrogation and contribution. Thus, barring any exceptions, the five-year date to try the case was March 25, 2014.

The trial court determined this action was "complex." (Cal. Rules of Court, rule 3.400(a), (c).) Pursuant to the original case management order dated April 12, 2011,

2

trials were bifurcated into two phases. Phase I trials were to be court trials as to coverage under the insurance policies. The original anticipated dates for Phase I trials were in January or February 2012. The court ordered a hearing in August 2011 to determine which if any parties were ready to go forward with a Phase I trial. Phase II trials were to proceed if any party's issues were not entirely resolved in a Phase I trial.

In May 2012, plaintiff, Northland, and nine other insurance companies filed a status conference report (Report) regarding various matters, including which codefendants planned to bring a summary judgment motion prior to the Phase I trials, the order of the Phase I trials, and which codefendants did not want to schedule a Phase I trial at that time. The first Phase I trial was to begin the week of November 5, 2012.

The Report also stated the following: "The Parties Have Agreed to Commence Phase [I] Bench Trials With Trial-Related Cut[]Off Dates to Correlate to Phase [II] (Jury) Trial Date. (Boldface & underscoring omitted.) [¶] *The parties recognize and agree that, pursuant to statute, the commencement of Phase [I] Trial involving any party is commencement of Trial for the case in general*. The parties further recognize that discovery, law & [*sic*] motion, and expert designation cutoff dates are statutorily tied to commencement of trial of the case. Accordingly, the parties wish to alter the trial[-]related cut[]off dates by agreement and this court's order thereon. The parties agree the case shall proceed to [t]rial of Phase [I] issues under the Case Management Order ("CMO") and commencement of the trial as between Plaintiff and any party shall be without prejudice to discovery, law & [*sic*] motion, and expert designation cutoff dates which shall only begin to run, under the CMO, in relation to the trial date(s) for Phase [II] Jury Trial in this matter. The Parties are continuing their meet and confer to reach an agreement on practical parameters for discovery, law & [*sic*] motion, and expert designation cutoff dates in relation to Phase I Trial and will submit a supplemental report before the hearing to address this issue." (Italics added; we refer to this particular portion of the Report as the Stipulation.)

3

Plaintiff and the 10 codefendants who were parties at that time, including Northland, signed the Report. Plaintiff's lawyer prepared the first draft of the report and invited all defense counsel who wished to do so to propose "edits."

At a subsequent status conference held on June 27, 2012, the court scheduled several Phase I trial dates, including Northland's for March 25 through 26, 2013. The notice of ruling showed that the first Phase I trial, originally set for November 5, 2012, was continued to December 10, 2012. Other trials were set for the end of 2012 through the first half of 2013. The notice provided that cutoffs for law and motion and discovery did not apply to the Phase I trial dates. Another case management conference was scheduled for October 3, 2012, with a joint status conference report due September 26, 2012.

In December 2012, the first Phase I trial was held and judgment was entered.

In March 2013, two weeks before its Phase I trial was to begin, Northland sought to vacate the trial date, stating it was not ready to proceed on the scheduled date. It had a motion for summary judgment pending as to a coverage issue. But other issues as to the duty to defend remained. Although the court encouraged Northland to take the motion off calendar and conduct its Phase I trial to determine all coverage and defense issues, Northland declined. Nothing in the record shows Northland and plaintiff conducted a Phase I trial.

In preparation for a trial setting conference in September 2013, plaintiff filed a trial setting conference report requesting the court set Phase II jury trials for the remaining eight codefendants, including Northland, in April or May of 2014.

In February 2014, at a status conference attended by plaintiff's lawyer and some insurance companies, although not Northland, the court asked, "What are we doing about the five years?" Plaintiff's lawyer answered, "Everybody's waived that." Kevin G. McCurdy, counsel for three of the insurance companies stated, "Trial's already

4

started." Plaintiff's lawyer repeated the same statement. McCurdy amplified, "The trial may take longer than five years, but we've started." McCurdy's clients had not begun their trial; they were scheduled to go to mediation.

In April 2014, Northland filed a motion for mandatory dismissal pursuant to section 583.360. The court granted the motion, finding the parties had not waived the requirement that the case against Northland be tried within five years of being filed.

## DISCUSSION

### 1. Applicable Law

Section 583.310 provides, "An action shall be brought to trial within five years after the action is commenced against the defendant." Otherwise, "An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties." (§ 583.360, subd. (a).) "The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute." (*Id*., subd. (b).) In calculating the time by which a case must be brought to trial, the court must exclude time when "(a) The jurisdiction of the court to try the action was suspended. [¶] (b) Prosecution or trial of the action was stayed or enjoined. [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile." (§ 583.340.)

Unless otherwise provided by statute or court rule, "the policy favoring the right of parties to make stipulations in their own interests and the policy favoring trial or other disposition of an action on the merits are generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence in the prosecution of an action in construing the provisions of this chapter." (§ 583.130; cf. *Dowling v. Farmers Ins. Exchange* (2012) 208 Cal.App.4th 685, 694.)

### 2. Satisfaction of the Five-Year Statute

The court granted Northland's motion to dismiss on the ground plaintiff had not brought the case against Northland to trial within the five-year statutory period

5

and there had been no agreement to waive the statutory period. Plaintiff relies on the Stipulation to argue the contrary. Its first sentence states: "The parties recognize and agree that, pursuant to statute, the commencement of Phase [I] Trial involving any party is commencement of Trial for the case in general." She claims the five-year deadline was met once the first Phase I trial began, which was before expiration of the statute.

Northland challenges that interpretation of the Stipulation. It acknowledges section 583.330, which allows parties to extend the deadline for bringing a case to trial by a written stipulation or an oral agreement in open court if it is documented in the court's minutes or a transcript. But Northland asserts a stipulation must explicitly extend the time to try the case past the five-year deadline. (*Camille Corp. v. Superior Court* (1969) 270 Cal.App.2d 625, 628.) And according to Northland, the Stipulation did not meet that standard for several reasons.

First, Northland contends, it never agreed to extend the five-year statute. Instead, it maintains, the purpose of the Stipulation was only to apply to triggering of discovery and motion cutoff dates to Phase II trials instead of Phase I trials. It also argues there was no clear intent to extend the five years when the Stipulation was executed. Its lawyer's declaration filed in support of the motion states the parties did not discuss extension of the period when the document was drafted.

But the declaration by plaintiff's counsel states the parties understood that, given the complexity of the case, bifurcation of trials was the most realistic way to manage the litigation. In addition, the parties contemplated that, given these circumstances, it was likely the case could not all be tried within the five-year period. Therefore, he concludes, the parties entered into the Stipulation to extend that period.

Further, statements at the February 2014 status conference belie Northland's contention. In answer to the court's question, plaintiff's counsel stated "[e]verybody's waived that." Insurance defense counsel McCurdy did not contradict that statement. Rather, he added that trial had already started. But his clients' Phase I trial

6

had not yet begun; they had a mediation scheduled. So the context of his statements shows the understanding that commencement of a Phase I trial against any one codefendant was commencement of trial against all codefendants.

Northland argues it did not attend the February 2014 status conference and thus did not waive the five-year statute there when counsel stated, "[e]verbody's waived that." We do not disagree but that is beside the point. Rather, counsels' statements were an explanation or acknowledgement the parties had previously agreed the statute had already been satisfied because the first Phase I trial had been completed.

Northland notes that neither plaintiff's counsel nor McCurdy specifically stated the parties had stipulated to waive the five-year statute. It contends that had there been such a waiver counsel "would have said exactly that." Despite the fact there must be an explicit agreement to extend the five-year period, no magic words are necessary.

It is true there was no stipulation explicitly stating the the five-year statute was extended. Nonetheless, by executing the Stipulation, where they agreed trial as to one party was trial as to all, they agreed that once a Phase I trial began, section 583.310 was satisfied. The effect was that any remaining trial beginning after what would have been expiration of the five-year statute would be timely under that section.

Northland also contends the Stipulation does not contain any language stating the rights of one party are affected by another's. Not so. The first sentence of the Stipulation states that "commencement of Phase [I] trial *involving any party* is commencement of Trial *for the case in general*." (Italics added.) The italicized phrase can only refer to the trials against the other codefendants. Otherwise the entire sentence is surplusage and there was no reason to have included it. (*In re Tobacco Cases I* (2010) 186 Cal.App.4th 42, 49 [agreement must be interpreted to avoid surplusage].) That sentence itself has nothing to do with discovery and law and motion cutoff dates.

Further, the Stipulation provides that the agreement commencement of one Phase I trial is commencement of trial for the entire case is made "pursuant to statute."

7

There is no logical explanation as to what statute could apply to this part of the Stipulation other than section 583.110 et seq.

In addition, the second sentence of the Stipulation begins, "The parties further recognize that discovery, law & [*sic*] motion, and expert designation cutoff dates are statutorily tied to commencement of trial of the case," thus signifying that the next portion of the sentence that mentions discovery and law and motion cutoffs is a different topic.

Northland points to the title of the Stipulation, "The Parties Have Agreed to Commence Phase [I] Bench Trials With Trial-Related Cut[]Off Dates to Correlate to Phase [II] (Jury) Trial Date." (Boldface & underscoring omitted.) This shows, Northland argues, the Stipulation applied only to the parties' agreement that discovery cutoffs would be extended. But despite the title, the substance of the first sentence of the Stipulation is broader. And the fact the Stipulation goes on to discuss law and motion and discovery issues does not limit the applicability or meaning of the agreement in the first sentence of the Stipulation. To hold otherwise would improperly render the first sentence of the stipulation meaningless. (*Kavruck v. Blue Cross of California* (2003) 108 Cal.App.4th 773, 783 [contract may not be interpreted so as to make provision meaningless].)

In a related argument, Northland posits a general rule that each party is entitled to have the claims against it tried within the statutory five-year period, citing, among other cases, *Lane v. Newport Bldg. Corp.* (1986) 176 Cal.App.3d 870, 874-875. We need not discuss that principle because, in any event, the parties agreed otherwise in the Stipulation.

Since we reverse on this basis we have no need to discuss either estoppel or waiver under section 583.140 or whether it was impossible, impracticable or futile for plaintiff to try her case against Northland.

8

In sum, consistent with the policy favoring trial on the merits, we conclude the parties agreed in the Stipulation that for purposes of the five-year statute set out in section 583.310, commencement of a Phase I trial was commencement of trial against any codefendant. Thus, the five-year statute was satisfied when the first Phase I trial occurred.

## DISPOSITION

The judgment is reversed and the case remanded for the superior court to deny Northland's motion to dismiss. Plaintiff is entitled to costs on appeal.


THOMPSON, J.

WE CONCUR:


MOORE, ACTING P. J.


ARONSON, J.

9