Filed 6/30/16  Johnson v. The Cricket Co. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| TRACEY JOHNSON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>THE CRICKET COMPANY, LLC,<br><br>    Defendant and Respondent. | A144580<br><br>(Humboldt County Super.<br> Ct. No. DR080375) |

This is the second appeal in this matter.  We opened our opinion on the first appeal with this description of the underlying action:  "Plaintiff Tracey Johnson, the owner of a hair salon, was cutting a customer's hair using a pair of scissors manufactured by defendant The Cricket Company (Cricket) when she suffered injuries allegedly caused by the defective design and manufacture of the scissors, and the deceptive manner in which it was sold.  She filed a complaint for damages in which she alleged seven causes of action, three for differing theories of product liability, and four for various alleged misrepresentations.  The entire complaint for damages fell before Cricket's summary judgment motion."  (*Johnson v. The Cricket Company, LLC* (Nov. 15, 2010, A126963) [nonpub. opn.].)  This court reversed in part, restoring plaintiff's three products liability causes of action.

This time, Johnson appeals from the judgment dismissing her complaint for failure to bring her case to trial within three years.  With one exception, the salient circumstances are without dispute.  Before stating those circumstances, it is appropriate to establish the legal framework.

1

"An action shall be brought to trial within five years after the action is commenced against the defendant." (Code Civ. Proc., § 583.310[1].) The parties may extend the time within which an action must be brought to trial by either an "oral agreement made in open court" or by a "written stipulation." (§ 583.330.) In computing the five years, "there shall be excluded the time" when the trial court's "jurisdiction . . . to try the action was suspended," or when the action was "stayed or enjoined," or the time during which "[b]ringing the action to trial, for any other reason, was impossible, impracticable, or futile." (§ 583.340.) There is also a provision for mandatory dismissal that has a more limited scope: "If a new trial is granted in the action the action shall again be brought to trial within the following times: [¶] . . . [¶] If on appeal . . . a judgment is reversed and the action remanded . . . , within three years after the remittitur is filed by the clerk of the trial court." (§ 583.320, subd. (a)(3).)[2] "The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute." (§ 583.360, subd. (b).)

Cricket based its motion on both the five-year and the three-year mandatory provisions.

Johnson commenced this action with a complaint filed on April 28, 2008. With trial set for November 2009, the trial court granted Cricket's motion for summary judgment. On October 29, 2009, Johnson filed a notice of appeal from the summary judgment. This court reversed in part, restoring Johnson's three products liability causes of action. Our remittitur was filed in the trial court on January 20, 2011. Therefore, under the three-year statute, the case had to be brought to trial by January 20, 2014.

---

[1] Statutory references are to this code.

[2] There is also an article governing discretionary dismissals. One of its provisions is that "The court may not dismiss an action pursuant to this article for delay in prosecution except after one of the following conditions has occurred: [¶] . . . [¶] If on appeal . . . a judgment is reversed . . . , within two years after the remittitur is filed by the clerk of the trial court." (§ 583.420, subd. (a)(3)(C).) Cricket never invoked this provision.

2

Following remand, the trial date of June 11, 2012 was continued to March 4, 2013 at Johnson's request, and with Cricket's concurrence. Pursuant to a "Stipulation to Continue Trial Readiness Conference and Trial Dates," a new trial date of July 22, 2013 was set. A second "Stipulation to Continue Trial Readiness Conference and Trial Dates" reset the July 22, 2013 trial date to February 3, 2014. In order to pursue private mediation, a third "Stipulation to Continue Trial Readiness Conference and Trial Dates" reset the February 3, 2014 trial date to July 22, 2014. In January 2014, after being advised that the mediation was scheduled for May 1, the court set a new trial date of September 8, 2014. Plaintiff did not appear at this case management conference.

On August 7, 2014, Cricket filed its motion for dismissal. Following extensive consideration, and initially denying the motion, the trial court ultimately granted the motion and entered a judgment of dismissal.[3]

---

[3] The trial court apparently first entered an "order" of dismissal and then a "judgment" of dismissal. In the latter the court explained: "Though it appears the Court's order . . . constitutes an appealable judgment," the judgment was added "to clarify the record and for the purpose of awarding costs." Johnson's notice of appeal is from the "judgment of dismissal" although it—the notice—was filed after the order but before entry of the denominated judgment. Cricket appears to think only the order is appealable. Such a distinction appears entirely academic, given that the policy of liberally construing a notice of appeal in favor of its sufficiency would reach either the prior order or the subsequent judgment (see Cal. Rules of Court, rules 8.100(a)(2), 8.104(d)), and an appeal from either the order or the judgment would bring the full merits for our review.

"The absence of specific statutory exception to section 583 was held by early cases to preclude recognition of estoppel as an implicit tolling exception. [Citation.] Yet, modern cases came to acknowledge this implicit exception. [Citation.] [A]nd it was subsequently codified in 1984 in section 583.140." (*Lewis v. Superior Court* (1985) 175 Cal.App.3d 366, 374.) At the hearing on Cricket's motion, a question arose as to whether Cricket was estopped to seek dismissal, and the court allowed supplemental briefing on the subject. The order granting Cricket's motion makes no mention of this issue of fact (*Platt Pacific, Inc. v. Andelson* (1993) 6 Cal.4th 307, 319; *Lentz v. McMahon* (1989) 49 Cal.3d 393, 403), which was clearly either not decided or implicitly decided in Cricket's favor. There is consequently no need to address Cricket's claim made in its brief that it "is not estopped from obtaining dismissal," or Johnson's competing hope to have this fact-bound issue decided in the first instance by this court.

The dismissal cannot be justified with reference to the five-year mandatory statute. The summary judgment back in 2009 constituted a trial for purposes of Code of Civil Procedure section 583.310. (*In re Marriage of Dunmore* (1996) 45 Cal.App.4th 1372, 1377; *Southern Pacific Co. v. Seaboard Mills* (1962) 207 Cal.App.2d 97, 103–104.) Therefore, that statute could not thereafter be invoked. Our Supreme Court, this court, and the leading treatise agree. (See *McDonough Power Equipment Co. v. Superior Court* (1972) 8 Cal.3d 527, 532–533 ["Upon the going down of the remittitur," "the five-year provision . . . has no application"]; *City and County of San Francisco v. Eller Outdoor Advertising* (1987) 192 Cal.App.3d 643, 653 [after summary judgment "ensuing judgment of dismissal . . . would have been erroneous"]; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2016) ¶ 11:197, p. 11-82 ["The *first* trial within the 5-year period is all that is required. If that trial ends in . . . a judgment reversed on appeal, the case can be retried without regard to the 5-year statute."].)

The trial court's order does not specify which of the two grounds advanced by Cricket was the basis for its decision. In light of the authorities cited in the preceding paragraph, it cannot be assumed that the basis was the five-year directive for mandatory dismissal. Thus, Cricket errs in attempting to justify the dismissal on the basis on Johnson's purported violation of the five-year period. We therefore proceed to consider whether dismissal was mandatory under section 583.320, subdivision (a)(3) because trial was not commenced "within three years after the remittitur is filed by the clerk of the trial court" on January 20, 2011.

Based on *Munoz v. City of Tracy* (2015) 238 Cal.App.4th 354 (*Munoz*), Johnson contends the parties' stipulations were sufficient to toll the running of the mandatory section 583.320, subdivision (a)(3). We do not agree.

It is easy to comprehend why Johnson embraces *Munoz*, for it deals with stipulation language that appears similar in effect to that used here, but in legal impact is very different. In their final joint stipulation, executed on January 6, 2014, Johnson and Cricket agreed:

4

"The parties stipulate to the Court continuing the current trial readiness conference date of January 27, 2014 and the current trial date of February 3, 2014.

"The parties stipulate to the Court rescheduling the trial in this matter to commence on July 22, 2014 or, in the alternative, a date mutually agreeable to the Court and the parties. Likewise, the parties stipulate to the Court scheduling the trial readiness conference for July 15, 2014, or in the alternative, a date mutually agreeable to the Court and the parties. If the Court is not able to reschedule the trial and trial readiness conference to dates certain, the parties stipulate to this matter being referred to the Court's civil trial setting or case management process for purposes of scheduling new trial and trial readiness conference dates. . . .

"The parties seek to continue the trial readiness conference and trial in order to allow them the necessary time to conduct private mediation with Charles Hawkins before expending significant and substantial resources associated with the retention and disclosure of expert witnesses and preparing this matter for trial. The parties only just recently reached this consensus to mediate on January 3, 2014. Based on the high demand for Mr. Hawkin's services and the other trial commitments of Mr. Pagliero and plaintiff's counsel, it is anticipated that the parties will likely not be able to mediate this matter until sometime in late March 2014, April 2014, or May 2014. . . .

"The parties also stipulate to re-designate/re-classify this case in order to facilitate the continuance of the trial and settlement conference in this matters. . . ."[4] (Italics omitted.)

*Munoz* is immediately distinguishable because there the parties stipulated to a new trial date that was after the expiration of the five-year limit of section 583.310. (*Munoz*, *supra*, 238 Cal.App.4th 354, 357 ["ALL PARTIES HEREBY STIPULATE . . . that the Trial Date, currently set for October 28, 2013, be vacated and continued to June 16, 2014"; complaint filed on December 3, 2008].) Johnson is mistaken in characterizing her

_____

[4] The two prior stipulations used substantially similar language, although different reasons were provided.

5

stipulation as "extending the time for trial to a date certain beyond the three-year statute." The stipulation does specify a date to which trial would be "reschedul[ed]," namely, July 22, 2014, but the specification is hedged about with caveats and qualifications. The most significant is that the date for trial could be continued to "a date mutually agreeable to the Court and the parties." If these two eventualities could not be realized, Johnson and Cricket "stipulate[d] to this matter being referred to the Court's civil trial setting or case management process for purposes of scheduling new trial . . . ." Scheduling would obviously depend upon the start and the duration of the planned mediation. The stipulation did not carve July 22 into stone as the trial date, but clearly recognized that it could be dropped and reset. This uncertainty makes the parties' stipulation little better than an agreement that the cause be dropped from the calendar and reset according to the convenience of the court and the parties. Scheduling so tentative and problematic has long been deemed ineffective to defeat mandatory dismissal. (E.g., *J. C. Penney Co. v. Superior Court* (1959) 52 Cal.2d 666, 669 ["the stipulation must . . . extend in express terms the time of trial to a date beyond the five-year period or expressly waive the right to a dismissal. . . . Stipulations that merely extend the time for trial within the five-year period . . . will not extend the five-year period."]; *Emerson v. Superior Court* (1936) 7 Cal.2d 685, 687; *Anderson v. Erwyn* (1966) 247 Cal.App.2d 503, 507; *Prudential Ins. Co. v. Superior Court* (1931) 117 Cal.App. 528, 529; cf. *Brown & Bryant, Inc. v. Hartford Accident & Indemnity Co*. (1994) 24 Cal.App.4th 247, 255, fn. 10 ["a stipulation made during the pendency of a case which may delay the time for trial does not toll the running of section 583.310 unless the stipulation expressly extends the mandatory dismissal period"].)

In any event, on January 27, exactly 21 days after the stipulation, the trial court reset the July 22 trial date to September 8, 2014. So viewed, the stipulation only tolled the running of section 583.320, subdivision (a)(3) for three weeks, at which point the statutory period resumed running. The period that started on January 21, 2011 (the day after our remittitur was filed in the trial court) would therefore expire three years and weeks later. And long before Cricket filed its motion to dismiss in August 2014. It was

6

Johnson's duty to bring her case to trial before that period expired.  (See *De Santiago v. D & G Plumbing, Inc*. (2007) 155 Cal.App.4th 365, 372–374 and decisions cited.)  Absent a complete stay, suspension, or indefinite postponement that prevented the parties from bringing the case to trial, the planned private mediation would neither stop the clock or suspend the duty.  (See § 1775.7; *Gaines v. Fidelity National Title Ins. Co*. (2016) 62 Cal.4th 1081, 1096–1097; *Holland v. Dave Altman's R. V. Center* (1990) 222 Cal.App.3d 477, 482.)  And Johnson's not moving to advance the July 22 trial date, or to specially set the matter for trial, also counts against her.  (Cf. *De Santiago v. D & G Plumbing, Inc*., *supra*, at p. 375 [" '[T]here was still ample time . . . to bring a motion to advance the trial date . . . .  " 'Where a plaintiff possesses the means to bring a matter to trial before the expiration of the five-year period by filing a motion to specially set the matter for trial, plaintiff's failure to bring such motion will preclude a later claim of impossibility or impracticability.' [Citation.]" [Citation.]' "].)

The judgment of dismissal is affirmed.

_____

Richman, J.

We concur:

_____

Kline, P.J.

_____

Stewart, J.

A144580; *Johnson v. The Cricket Company*

8